# CHARLES FORBES *v.* MICHAEL HYDE, WILLIAM HUGHES, AND EZRA BROOKS.

JURISDICTION OF PERSON BY APPEARANCE OF ATTORNEY.—If an attorney who appears for a part only of several defendants, afterwards inadvertently files an answer for all, and when he discovers his mistake, obtains an order allowing him to withdraw his answer and substitute a new one limited to the defendants for whom he intended to answer, the Court will acquire jurisdiction only of those defendants for whom the attorney finally appears.

VOID JUDGMENT.—A judgment absolutely void upon its face may be attacked anywhere, directly or collaterally, either by parties or strangers.

WHEN JUDGMENT OF SUPERIOR COURT IS VOID.—Jurisdiction will generally be presumed in the case of superior Courts; but if the want of jurisdiction appears on the face of the record of the judgment of a superior Court, the judgment is void, and it may be attacked in a collateral proceeding.

WHEN ORDER OF PUBLICATION OF SUMMONS ERRONEOUS, BUT NOT VOID.—When the affidavit for publication of summons presents some evidence tending to prove each jurisdictional fact, but of a character clearly too inconclusive to justify an order of publication, the order is erroneous, and the judgment will be reversed on appeal; but it is not void. If there is a total want of evidence upon which to base the order, the judgment is void. In the former case the judgment cannot be attacked collaterally, but only on appeal.

TIME OF MAKING AFFIDAVIT FOR PUBLICATION OF SUMMONS.—*Query?* If an order for the publication of summons is based on an affidavit that the defendant resides out of the State, which affidavit is made four months before the order is applied for, has the Judge jurisdiction to make the order, and is not the judgment void?

AFFIDAVIT FOR PUBLICATION OF SUMMONS MUST SHOW CAUSE OF ACTION.—The existence of a cause of action against the defendant is a jurisdictional fact which must be made to appear before an order for publication of summons can be made, and if it does not appear by the affidavit, the order is void.

FACTS TO BE STATED IN AFFIDAVIT FOR PUBLICATION OF SUMMONS.—Facts should be set out in an affidavit for an order to publish summons, and not a general expression of opinion or belief that an ultimate jurisdictional fact exists, without the probative facts upon which such opinion or belief is founded.

AFFIDAVIT MUST SHOW CAUSE OF ACTION AGAINST DEFENDANT.—An affidavit to obtain an order for publication of summons, which states that the deponent " has a good cause of action in this suit against the said defendant, and that he is a proper party defendant thereto, as he verily believes," does not state any fact tending to show a cause of action, and an order and publication based on it are void.

CONSTRUCTION OF STATUTES.—Statutes for acquiring jurisdiction of the person by publication of summons must be strictly construed.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Ejectment to recover possession of a lot at the corner of Mission and Ridley streets, City of San Francisco. In Octo-

ber, 1854, John Baxter was in possession of the demanded premises, and on the seventh day of that month quitclaimed the same to Thomas Harris. Harris, on the 30th of December following, executed to Marriott & Wheeler a mortgage on the same premises, which was afterwards assigned to B. S. Brooks. The plaintiff was the purchaser at Sheriff's sale, made under a judgment foreclosing this mortgage, in which foreclosure suit the summons was published as recited in the opinion of the Court. Defendant, Hyde, also claimed title derived from Baxter. The other defendants entered under Hyde. Plaintiff recovered judgment in the Court below, and defendants appealed.

The other facts are stated in the opinion of the Court.

*Porter & Holladay*, for Appellants. As a basis for a valid order of publication of summons, when the defendant resides out of the State, the affidavits must state by direct and positive averment the facts showing that at the *time* the defendant resides out of the State; and they must show, by like direct and positive averment, facts to support the *legal conclusion* that the plaintiff has a good cause of action in the particular suit which the defendant is to be summoned to answer. (*McMinn* v. *Whelan*, 27 Cal. 307 ; 26 Cal. 149.) The affiant stated in his affidavit his legal opinion that he had " a good cause of action in this suit against the said defendant, and that he is a necessary and proper party defendant thereto." But who made this mortgage—did Thomas Harris? The affidavit is silent. The affidavit does not allege even the facts, except by description, that Thomas Harris was a *defendant*. It does not state that he was either a mortgagor, or a subsequent purchaser or encumbrancer. No allusion is made to the facts stated in the complaint, in connection with the affidavit. If the law requiring an affidavit is not vain, it must mean that the affidavit must contain direct averments of essential *facts*, as distinct from descriptions, recitals, and legal conclusions. When jurisdiction is sought to be acquired over a defendant who lives out of the State, by publication of summons, the

affidavits should show that fact to exist when the order is made. If the affidavits show that Harris lived out of the State on the 1st of December, 1863, they cannot be said to prove his non-residence on the 22d of March, 1864.

*B. S. Brooks*, for Respondent. District Courts are superior Courts of general jurisdiction, and their jurisdiction is presumed until the contrary is shown. (*Cole* v. *Hall*, 2 Hill, 627 ; *People* v. *Nevins*, 1 Hill, 158.) The objection made to the affidavit upon which the order of publication was founded is that it is defective in not stating facts sufficient. The plaintiff in *Brooks* v. *Harris et al.* being a counsellor at law, was not required to swear to the advice of counsel, and it was sufficient for him to state in his affidavit that he had a good cause of action against defendant, Harris, and that he was a necessary party. There is an entire difference between an affidavit which contains some evidence and one which contains no evidence at all. In the former case the action of the Judge in making the order is an exercise of judgment. A total want of jurisdiction may be taken advantage of at any time, but the regularity of jurisdictional steps cannot. (*Hart* v. *Seixas*, 21 Wend. 45 ; *Rex* v. *Peckham*, Carth. 406.) If an order of publication states the ultimate jurisdictional facts, the intendment of law is that the Court had before it evidence from which it found those facts. I do not understand the Court as holding in *Ricketson* v. *Richardson*, 26 Cal. 133, that it is necessary in an affidavit for the affiant to detail the circumstances of his cause of action. The affidavit in *Brooks* v. *Harris* had a legal tendency to prove that plaintiff had a cause of action, and that was sufficient to give the Court jurisdiction. (*Staples* v. *Fairchild*, 5 Comstock, 46.)

By the Court, SAWYER, J. :

The plaintiff's title to the land in controversy is derived through a judgment in favor of B. S. Brooks, foreclosing a mortgage executed by one Harris, and a Sheriff's sale and deed

thereunder. When plaintiff offered the judgment roll in the case of *Brooks* v. *Harris* in evidence, as one of the links in his chain of title, the defendant objected on the ground, substantially, that it appeared from the judgment roll that the Court never acquired jurisdiction of the person of defendant, Harris, and that the judgment was, therefore, void. The judgment against Harris was by default upon a service of summons attempted to be made by publication; and the question to be determined, is, as to the validity of the service. The action of *Brooks* v. *Harris et al.* was commenced in the District Court of the Fourth District, and the summons issued therein returned served on all the defendants except Harris, who was not found. On the 6th of November, Porter & Holladay, attorneys at law, filed an appearance for the defendants Hyde, Hughes and McDonald, in the following words, to wit: "The Clerk of this Court will enter our appearance in the above entitled cause for defendants Michael Hyde, William Hughes and Samuel McDonald." On the 2d of December, 1863, after the return of the summons, plaintiff Brooks, on an affidavit of one Green, dated November 30th, 1863, and his own affidavi dated December 1st, 1863, tending to show the non-residence of defendant, procured an order therefor, and commenced the publication of summons for the purpose of effecting service on defendant, Harris. On the 3d of December, Porter & Holladay, attorneys aforesaid, filed an answer entitled, " *Brooks* v. *Harris et'al.*," commencing, " Now come the defendants in the above entitled action and for answer to said plaintiff's complaint say," etc., and concluding, "Wherefore said defendants pray judgment," etc., and thereupon the plaintiff, regarding the filing of this answer for the defendants generally, as an appearance for defendant, Harris, as well as for the others for whom Porter & Holladay had entered their appearance before mentioned, discontinued the publication of summons. The cause was subsequently transferred to the District Court of the Twelfth Judicial District. On the 13th of February, 1864, it having been shown by affidavits that Porter & Holla-

day inadvertently filed the answer for all the defendants, when they only intended to answer for the defendants for whom they had before appeared, an order was made allowing them to withdraw said answer, and substitute another limited to the defendants whom they represented, and for whom they intended to answer. On the 16th of February, 1864, the plaintiff, upon the same affidavits of Green and Brooks, verified on the 30th of November and 1st of December, 1863, used as the basis of the first order for publication, made by the Judge of the Fourth Judicial District on the 2d of December, procured a second order for publication of summons from the Judge of the Twelfth District. No proceedings were taken under this order. On the 22d of March, 1864, plaintiff upon the same affidavits, no other having been filed, procured from the Judge of the Twelfth Judicial District a third order for publication, and in pursuance of this order the summons was published the requisite time, and a copy of the summons and complaint, duly certified, deposited in the Post Office addressed to the defendant, Harris, at his residence, as shown by said affidavits of the 30th of November and 1st of December, 1863. The action was subsequently dismissed as to all the defendants except Harris, and as to him, judgment by default was entered foreclosing the mortgage and ordering a sale of the mortgaged premises—the *locus in quo.*

### *Withdrawal of answer.*

If the Court had jurisdiction of the person of the defendant, Harris, it was by virtue of the service by publication. The answer filed by Porter & Holladay was inadvertently made to include Harris by the use of the general term, "defendants," when they only intended to answer for the other defendants for whom they had already appeared. Upon the discovery of the mistake, upon application and a proper showing promptly made to the Court, and by order of the Court the mistake was corrected and the answer, and, consequently, the appearance involved in the filing, were withdrawn. After the correction of this mistake, the record in legal contemplation stood

as though it had never occurred, and there can be no reasonable ground for holding that the Court, after the answer was thus withdrawn, had jurisdiction in consequence of the inadvertence. The plaintiff was in no way misled or injured. The way was open to him to proceed in the proper mode, as he had before commenced to do, to obtain jurisdiction, and he did proceed in all respects as though no answer had ever been filed.

### Affidavits to obtain order for publication.

We shall notice but two points made upon the record. It is insisted by appellants—

Firstly—That it was incompetent for the Court to make an order for publication of summons upon affidavits which had been sworn to nearly four months before the application for the order based on them was made.

Secondly—That the affidavits do not show that the plaintiff has a cause of action against the defendant, or that he is a necessary or proper party defendant thereto. And these questions, we think, are properly presented by the record.

If this was an appeal from the judgment, we should have no hesitation in saying that the showing in both particulars is insufficient to justify an order for publication under the statute. The question would then be simply whether the Judge erred in making the order on insufficient evidence. But the judgment is attacked collaterally, by parties having no relation whatever to the judgment, or to any of the parties to it. This presents a very different question. A judgment absolutely void upon its face may be attacked anywhere, directly or collaterally, whenever it presents itself, either by parties or strangers. It is simply a nullity, and can be neither the basis nor evidence of any right whatever. A judgment against a party over whose person the Court has not acquired jurisdiction is void for want of jurisdiction.

While judgments of inferior Courts must show jurisdiction, jurisdiction will generally be presumed in the case of superior Courts. But if the want of jurisdiction appears upon the face

of the record of the judgment of a superior Court, the judgment is void. Says Mr. Justice Bronson, in *Bloom* v. *Burdick*, 1 Hill, 139 : " The distinction between superior and inferior Courts is not of much importance in this particular case, for whenever it appears that there was a want of jurisdiction, the judgment will be void, in whatever Court it was rendered." And, again : " But the principle remains untouched, that whenever the want of jurisdiction appears, the judgments of any and all Courts will be void ; and where the party in interest is to be brought in by means of a public notice, the want of such notice will be fatal." It is unnecessary to dwell longer on this point, for it has been settled by prior decisions of this Court, that when it appears in the record that the Court had no jurisdiction of the person of the defendant against whom judgment is rendered, the judgment may be collaterally attacked. (*McMinn* v. *Whelan*, 27 Cal. 312 ; *McMinn* v. *O'Connor*, Ib. 246.) The authorities hereinafter cited also establish this principle. But the important question still remains, does a want of jurisdiction appear in the record of the judgment? There is a marked distinction between an affidavit which presents some evidence on a vital point, but clearly of a character too unsatisfactory to justify an order for publication of summons based upon it, and an affidavit which presents no evidence at all tending to prove the essential fact. In the former case the Judge might be satisfied upon very slender and inconclusive testimony ; but there being some appreciable evidence of a legal character, which calls into action the judgment of the Judge, he has jurisdiction to consider and pass upon it. He may be wholly and egregiously wrong in his conclusion upon the weight of the evidence, but he has jurisdiction to act upon it, and his action is simply erroneous. His order would, in such case, be reversed on appeal. But, as there was jurisdiction to act, until reversed, or attacked by some direct proceeding to annul it, the order and judgment based upon it would be valid. Such a judgment could not be collaterally attacked. If, however, there is a total want of evidence on any point necessary

to be determined, upon which the law requires the mind of
the Judge to be satisfied as a prerequisite for granting an order
of publication, then there is nothing upon which he is author-
ized to act; the evidence, which is the very basis of his juris-
diction, and upon which it depends, is wanting, and his action
is without authority.  His action is not merely erroneous, for
there was nothing to call into exercise the judicial mind—
there is no jurisdiction to act at all, and the proceeding is
void.  These distinctions are clearly established by the authori-
ties, and are well stated in *Staples* v. *Fairchild*, 3 Com. 46.
Mr. Chief Justice Jewett says: " There was a total defect of
evidence as to one fact, essential to give the Judge jurisdic-
tion; that is, that the residence of Sanford was within this
State, or that the contract upon which the indebtedness of
Bradley to Sanford arose, was made in this State.  There was
conferred upon Judge Wilson a special and limited jurisdic-
tion.  It is well settled, that when certain facts are to be
proved to a Court having only such a jurisdiction as a ground
for issuing process, if there be a total defect of evidence as to
any essential fact, the process will be declared void, in what-
ever form the question may arise.  But when the proof has a
legal tendency to make out a proper case, in all its parts, for
issuing the process, then, although the proof may be slight
and inconclusive, the process will be valid until it is set aside
by a direct proceeding for that purpose.  In one case, the
Court acts without authority; in the other, it only errs in
judgment upon a question properly before it for adjudication.
(*Miller* v. *Brinkerhoff*, 4 Denio, 119, and the cases there cited;
*Den* v. *Turner*, 9 Wheat. 541.)  In one case there is a defect
of jurisdiction; in the other there is only an error of judgment.
Want of jurisdiction makes the act void; but a mistake con-
cerning the just weight of evidence only makes the act erro-
neous, and it will stand good until reversed."

These principles are also clearly laid down in the following
and many other cases: *Bloom* v. *Burdick*, 1 Hill, 139; *Fiske*
v. *Anderson*, 33 Barb. 74; *Cook* v. *Farren*, 34 Barb. 95;
*Towsley* v. *McDonald*, 32 Barb. 607; *Wortman* v. *Wortman*,

17 Abb. 70; *Miller* v. *Brinkerhoff*, 4 Den. 120; *Van Alstine* v. *Erwine*, 1 Kernan, 331; *Skinnion* v. *Kelley*, 18 N. Y. 356; *Castellanos* v. *Jones*, 1 Seld. 167; *Matter of Faulkner*, 4 Hill, 601–2. In the last case, Mr. Justice Bronson says: " Enough was proved to call upon the officer for the exercise of his judgment upon the weight and importance of the evidence; and if he erred in the decision of a question thus fairly presented, the error would not be fatal to the proceeding. It is only where there is a total want of evidence upon some essential point that the officer will fail to acquire jurisdiction."

These principles are applicable under the provisions of the Practice Act. Section thirty provides, that " when the person on whom service is to be made resides out of the State　*

*　*　and the fact shall appear by affidavit to the satisfaction of the Court, or a Judge thereof　*　*　*　such Court or Judge may grant an order that the service be made by publication of summons." *The fact must appear by affidavit before jurisdiction to make the order attaches.* That is to say, there must be an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the jurisdictional fact appear, for the Judge to act upon before he has any jurisdiction to make the order. Unless the affidavit contains some such evidence tending to establish every material jurisdictional fact, the Judge has no legal authority to be satisfied, and, if he makes the order, he 'acts without jurisdiction, and all proceedings based upon it are void. But he is only to be satisfied upon some evidence presented in the form prescribed; and if the affidavit presents legal evidence which has an appreciable tendency to prove every material jurisdictional fact, and the mind of the Judge is too easily satisfied, this is but error, for he was authorized to weigh the testimony, and if satisfied, make the order. It is, therefore, not void but erroneous. We will now endeavor to apply these principles to the case in hand.

*Affidavit made a long time before order of publication.*

As to the first objection—that it was incompetent for the

Court to make the order upon affidavits some four months old—it is plain to our minds, from an examination of sections thirty and thirty-one of the Practice Act, that the affidavits should be prepared with reference to the condition of things as they exist at the time when the order for publication is applied for—the residence of the defendant, or the inability to find him at that time. The proceedings are to follow each other in reasonably quick succession. The order for publication, when made, must " direct a copy of the summons and complaint to be forthwith deposited in the Post Office, directed to the person to be served at his place of residence," when known. It must not only be deposited, but it must be done "*forthwith.*" The object of the statute is, if possible, to secure actual notice of the pendency of the action. In this and the neighboring States and Territories the residences of a large portion of the people are notoriously temporary. It is important, therefore, that the inquiry as to. residence should be directed to the time when the order and deposit in the Post Office is to be made; and we have no doubt that it was so intended by the Legislature.

If an affidavit can be used as the basis of an order which was made four months before the order, it can be used when made four years before ; and in both cases there would be great probability that the notice contemplated by the statute would fail of reaching the defendant. In many instances the party to be served may have returned, and could be easily found if inquiry were to be made at a later period. In *People* v. *Huber*, 20 Cal. 82, the Court say : " The Practice Act contemplates that the Judge must be satisfied by affidavit of the absence of the defendant at the time he is applied to for his order, and when it is to take effect. If an order might be procured in advance, and held four days before taking out the summons, it might be so held for a much longer time ; so that when the summons actually issues the defendant may have returned to the State."

We have no doubt of the correctness of this view. If the question were presented to us on appeal from the judgment,

we should not hesitate to reverse it, on the ground that the affidavits made so long a time before obtaining the order for publication based on them would be totally insufficient to show a non-residence, or absence from the State, or that the defendant could not, after due diligence, be found within the State at the time of procuring the order. There would be a manifest lack of diligence in finding the party, or endeavoring to procure personal service. It may be argued with some force, however, that clear proof of a party's residence at some particular locality in another State four months before the application, and upon diligent inquiry could not be found at that time within the State, is proper evidence from which a present residence may be inferred, upon the principle that a fact once shown to exist is presumed to continue till the contrary is shown, and that, if alone insufficient to justify the finding of a present residence for the purposes of the order, it is proper evidence and tends to show such residence, and is, therefore, sufficient to call the judicial mind into action and give the Judge jurisdiction within the rule before stated ; and further, that if proof of a condition of things existing four months before is proper evidence to be considered by the Judge on the application, it can make no difference that the affidavits showing such state of facts were made at the time when it was shown to have existed. Much also may be urged against this view. But we rest our judgment upon the other point, and it is unnecessary now to determine or further discuss the question, whether affidavits taken so long before the application, if otherwise sufficient, present a case upon which the Judge has jurisdiction to make the order within the rule stated, and we only refer to the point to call attention to the unsatisfactory character of this kind of affidavits as a basis of applications for orders for publication of summons.

### Affidavit must show cause of action.

The statute provides, that, " when the person on whom service is to be made resides out of the State, * * * and the facts shall appear by affidavit, * * * and it shall in

like manner appear, that a cause of action exists against the defendant in respect to whom service is to be made, or that he is a necessary or proper party to the action, such Court or Judge may grant an order," etc. The existence of a cause of action, etc., then, is also a jurisdictional fact which must appear " *in like manner* "—*that is to say by affidavit.* The statute as clearly makes a cause of action, as non-residence, a jurisdictional fact, and we can no more disregard the one, than the other. If this fact does not appear by the affidavit upon which the order for publication was founded, then there was a want of jurisdiction, and the order and publication are void. The only statement in the affidavits is the following : " Deponent further says that he is a counsellor at law and resides in this city, and that he has a good cause of action in this suit against the said defendant, and that he is a necessary and proper party defendant thereto, as he verily believes." What " fact appears by affidavit" here ?· Simply that the affiant believes he has a good cause of action in this suit against defendant, and believes that Harris is a necessary and proper party defendant. But such an averment is neither the statement of an ultimate fact, such as is required to be stated in a pleading, nor of a probative fact from which such ultimate fact may be deduced, nor a fact of any sort which in any way legally tends to prove such ultimate or probative fact, or from which it may be inferred. It is not the statement of a fact at all. It is merely the statement of the opinion of the witness in relation to a point upon which the Judge is required to form his own opinion upon facts which must appear by affidavit. The Judge may have entire confidence in the ability of the affiant as a lawyer, and in his opinion upon a question of law, and the witness may be equally well qualified to determine the point ; but the law does not permit him to act upon such confidence or qualifications. Facts are the proper, and only proper subjects to be set out in affidavits under the provisions of the statute to serve as the basis of judicial action. The affiant's general expression of opinion or belief, without

45

the facts upon which it is founded, is in no sense legal evidence, and does not tend in any degree to prove the jurisdictional facts without which the Judge had no authority to make the order.

In *Ricketson* v. *Richardson* we said, upon this subject : "An affidavit which merely repeats the language or substance of the statute is insufficient.  *  *  *  The ultimate facts of the statute must be proved, so to speak, by the affidavit, by showing the probatory facts upon which each ultimate fact depends. These ultimate facts are conclusions drawn from the existence of other facts, to disclose which is the special office of the affidavit.   To illustrate :  It is not sufficient to state generally, that after due diligence the defendant cannot be found within the State, or that the plaintiff has a good cause of action against him, or that he is a necessary party ; but the acts constituting due diligence, or the facts showing that he is a necessary party should be stated.   To hold that a bald repetition of the statute is sufficient, is to strip the Court or Judge to whom the application is made of all judicial functions and allow the party himself to determine in his own way the existence of jurisdictional facts—a practice too dangerous to the rights of defendants to admit of judicial toleration.  ·The ultimate facts stated in the statute are to be found, so to speak, by the Court, or Judge, from the probatory facts stated in the affidavit, before the order for publication can be legally entered."   (26 Cal. 153.)

This case, it is true, was on appeal, but the observations quoted go to the substantial character of the affidavit, and are equally applicable to the question under consideration.   An averment in a pleading that plaintiff has a good cause of action against defendant, or that defendant is a necessary or proper party, would be clearly bad.   It would present no issuable fact.   It would be still worse as a matter of evidence.   We can conceive of no circumstances where an issue of fact, upon which the rights of a party are to be ultimately adjudged, is required to be established by evidence, in the course of judicial proceedings, under which such loose averments of a mere

opinion would be legal evidence, or regarded as tending in any degree to prove the issue or fact to be established. Yet, on the determination of this jurisdictional fact, the ultimate adjudication of the rights of the defendant is made to turn. The application for the order is made *ex parte*. The defendant is not heard and has no opportunity to object to the kind of proof offered. He therefore waives nothing by failure to object, and it behooves those who are seeking to acquire jurisdiction over him to see that they present legal testimony which tends, in some degree, to establish the essential jurisdictional facts.

The respondent's counsel evidently feels the pressure of the argument on this point, and seeks to avoid its force by calling to his aid the complaint, which he says the Court may have used in evidence, and claims that it must be presumed to have been verified, since it is not in the record, and all presumptions are in favor of the correct action of the Court. But, unfortunately for the argument, it affirmatively appears by recitals in the order itself that the order was based on the affidavits of Green and Brooks. The recital is "upon reading and filing the affidavits of J. L. Green and B. S. Brooks, and it satisfactorily appearing therefrom to me    *    *    *    that a good cause of action exists," etc. The same recital is repeated in the judgment, thus showing affirmatively that the action of the Court was based upon said affidavits alone. It appears from the record then, that there is a total absence of any legal evidence tending to prove an essential jurisdictional fact, and for that reason the order for publication, and the publication in pursuance of it, were absolutely void, and the Court failed to acquire jurisdiction of the person of defendant, Harris.

We are not insensible to the fact that this decision may affect many judgments obtained upon service by publication of summons in years past, and, for that reason, we have bestowed upon the question the attention which its great importance demands. We know that there is probably no State in which there have been, and where there is likely to be, so many occasions for procuring service by publication as

in California.   But while this is true, it is, doubtless, equally true, that there is no State in which so many have waited, and are still waiting for their adversaries to depart, in order that suit may be brought and judgment obtained against them on publication without actual notice.   It may be important to the interests of those who suppose they have acquired rights under this class of judgments that they should be upheld. But it is equally important, that the interests of parties, who have only been constructively served with process, and, who, in many instances, have had no actual notice till they have been condemned unheard, should be protected.   If a judgment is void, for want of jurisdiction, all those who have acquired interests under it have done so in full view of the condition of the record; while, on the other hand, a defendant is liable to have an unjust judgment rendered against him without any knowledge of the pendency of the action till it is too late to protect himself.   An appeal is no adequate remedy where a party has no notice, for the time to appeal is very brief and may expire before actual notice is obtained.   In the language of the Court in *Smith* v. *Rice*, 11 Mass. 512, " the very griev-ance complained of is that the party had no notice of the pending of the cause, and of course no opportunity to appeal." (See, also, *Bloom* v. *Burdick*, 1 Hill, 142.)

Besides statutory provisions for acquiring jurisdiction of the person by publication of summons instead of a personal ser-vice must be strictly construed. (*People* v. *Huber*, 20 Cal. 81.)   This and the other legal principles applicable to the case stated in this opinion have been long established, and, whatever hardship may result from their application to judg-ments heretofore obtained in this State without acquiring jurisdiction of the person of the defendant, we are not author-ized to depart from the law as we find it.

We think the judgment in the case of *Brooks* v. *Harris* void upon the grounds indicated.   It was, therefore, improperly admitted in evidence.

Judgment and order denying a new trial reversed, and new trial ordered.