GOLDSMITH, PLAINTIFF AND APPELLEE, *v.* VILLARI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action for Breach of Contract.

No. 2033.—Decided July 31, 1919.

SUMMONS—SERVICE BY PUBLICATION—JURISDICTION—DEFAULT JUDGMENT.—When the affidavit required by Section 94 of the Code of Civil Procedure in order that service of a summons may be made by publication sets forth conclusions and not facts, the court is not in a position to order the service by publication; and if it does so order and the summons is published and a default

judgment is entered, such judgment is null and void for lack of jurisdiction and should be set aside on motion of the defendant in the same action although more than one year may have elapsed.

The facts are stated in the opinion.

*Messrs. Frank Antonsanti* and *O. B. Frazer* for the appellant.

*Mr. O. M. Wood* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Ike Goldsmith, represented by attorney O. M. Wood, brought an action in the District Court of San Juan, Section 1, against A. Villari for breach of contract. He prayed for judgment rescinding a certain contract for the lease of half of the first story of house No. 33, South, Plaza Principal, of the city of San Juan, and ordering the payment of one thousand dollars as damages, one hundred and forty dollars for rent due, and the costs, disbursements and attorney fees. The complaint was not verified.

On July 7, 1917, the plaintiff filed the following:

"MOTION.—Now comes the plaintiff herein represented by attorney O. M. Wood and respectfully shows to the court:

"First. That the defendant is not within the limits of the jurisdiction of this court and according to the best information of the plaintiff, has left Porto Rico.

"Second. That the plaintiff has a good cause of action against the defendant and she is a necessary party to this action.

"Third. That the defendant has no representative within the jurisdiction of this court.

"Therefore the plaintiff prays the court to order service of the summons on the defendant in this action by publication.

"San Juan, P. R., July 5, 1917.—O. M. Wood, Attorney for the plaintiff.

"VERIFICATION.—I, O. M. Wood, of age, attorney and resident of San Juan, under oath declare that I am the attorney for the plaintiff; that I have read the foregoing motion, and that it is true of my own knowledge.—O. M. Wood.—Sworn to and signed before me at San Juan this 7th day of July, 1917.—Domingo Rivera, Deputy Clerk of the District Court."

The court sustained the motion and the defendant was summoned by publication in due form. The time allowed the defendant having expired without her having entered appearance, the plaintiff asked the clerk to enter her default. This was done by the clerk. Thereupon the plaintiff moved that the trial of the case be set for the following term and on October 30, 1917, the case was called for trial, the plaintiff alone appearing. The court heard the pleadings and the evidence and on the merits thereof entered judgment rescinding the contract and adjudging that the defendant pay to the plaintiff the sum of $560 as damages, and the costs.

At this stage, on May 1, 1919, the defendant appeared and filed a motion for the annulment of all the proceedings had in the case for the following "reasons":

"First. The complaint in this case was filed on May 31, 1917, and shows on its face that the action is a purely personal one.

"Second. That on May 31, 1917, the clerk of the court issued the summons against the defendant and it does not appear to whom it was delivered.

"Third. That there appears in the record a motion by the plaintiff dated July 7, 1917, stating that the defendant does not reside in Porto Rico and asking that service of the summons on the defendant be made by publication. The court sustained the motion in chambers.

"Fourth. The summons was published in the *Boletín Mercantil* and on October 15, 1917, the clerk of the court, *ex officio*, entered the default of the defendant.

"Fifth. A day was set for the trial, at which only the plaintiff appeared, and, without the participation of the defendant in any of these said proceedings, judgment was rendered and entered on October 30, 1917.

"Sixth. That at the beginning of this action the plaintiff did not move for any order of this court to secure the effectiveness of the judgment, and no attachment was levied in any manner on properties of the defendant, the trial having been had in this case without the court's having acquired jurisdiction over the person of the defendant."

The plaintiff opposed the motion in writing. A day was

set for hearing ·the motion.  Both parties appeared.  No evidence was examined.  The court overruled the motion. The ruling of the court, in part, is as follows:

"We must rectify an error in the motion.  It states that the plaintiff's motion of July 7, 1917, alleged that the defendant did not reside in Porto Rico, while it actually alleges that, according to the plaintiff's information, the defendant had left Porto Rico.

"In fact, it would be impossible for the court to determine the defendant's residence from the pleadings.  She herself has not even alleged in any manner that she is not a·resident of Porto Rico.

"Hence, on this point, the court has nothing before it but the statement in the complaint that A. Villari is a resident of San Juan and the statement in the motion that at the time she had left Porto Rico.

"There is nothing tending to show that A. Villari is a resident of any place without the jurisdiction of this court.

"Having left her residence does not mean that she had acquired another residence elsewhere.

"As the judgment in this case was rendered on October 30, 1917, and more than one year has gone by without any objection, the court does not believe that now, on May 1, 1919, it can set aside all the proceedings in the case on a mere motion.

"Neither the time nor the manner in which such action is asked for gives the court jurisdiction or authority to respond, apart from the fact that there is as yet no evidence that when the action was begun, or even during the pendency of the case, the defendant had lost her residence in San Juan and was within a jurisdiction other than that of this court."

The defendant took the present appeal.  The attorney who appeared before the Supreme Court on behalf of the defendant is not the same attorney who represented her in the district court.  In his brief the attorney maintains that the judgment is absolutely null and void because the district court never acquired jurisdiction over the person of the defendant, (a) because the affidavit presented with the motion for service of the summons on the defendant by publication is defective, and (b) because, assuming that there was a law-

ful basis for ordering service by publication, it was null and void because the action is a purely personal one.

The first aspect of the question was not raised in the lower court. It is raised for the first time before this court and is a question that has been the theme of careful consideration by the courts of the continent.

The motion under consideration was not made during the term in which the judgment attacked was entered. Nor was it made within the period of one year fixed by section 140 of the Code of Civil Procedure. No fraud is alleged. This is a motion to set aside a default judgment based on service of the summons by publication on the ground that the court had not acquired jurisdiction over the person of the defendant.

We quote from Ruling Case Law as follows:

"A motion to vacate or set aside a judgment is a direct, and not a collateral, attack, but the rules by which it is to be determined are sometimes those applicable to direct, and at other times those applicable to collateral, attacks." 15 R. C. L. 717.

"A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of the same in a proceeding instituted for that purpose. In general any statutory method for the purpose of avoiding or correcting a judgment is a direct attack, and it is usually held that a motion to open or vacate a judgment is a direct attack thereon, though it has been contended by some writers that such a motion, unless made during the term or within some time specified in a statute authorizing it, should be supported only by the record, and therefore should be regarded as a collateral rather than a direct attack." 15 R. C. L. 839.

In the American State Reports, 23 A. S. R. 104, there is a very interesting note to the case of *Morrill* v. *Morrill*, 20 Oregon, 96, which should be consulted for a full study of the question.

The law on the question in Porto Rico (section 94 of the Code of Civil Procedure) is similar to that of California, and the appellant cites in his favor the cases of *Forbes* v. *Hyde,* 31 Cal. 342, and *Braly* v. *Seaman,* 30 Cal. 611.

In the first of these cases the Supreme Court said:

"Section thirty provides, that 'when the person on whom service is to be made resides out of the state, \* \* \* and the fact shall appear by affidavit to the satisfaction of the court, or a judge thereof, \* \* \* such court or judge may grant an order that the service be made by publication of summons.' *The fact must appear by affidavit before jurisdiction to make the order attaches.* That is to say, there must be an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the jurisdictional fact appear, for the judge to act upon before he has any jurisdiction to make the order. Unless the affidavit contains some such evidence, tending to establish every material jurisdictional fact, the judge has no legal authority to be satisfied, and if he makes the order, he acts without jurisdiction, and all proceedings based upon it are void." (Page 351.)

"The statute provides, that, 'when the person on whom service is to be made resides out of the State, \* \* \* and the fact shall appear by affidavit, \* \* \* and it shall in like manner appear, that a cause of action exists against the defendant in respect to whom service is to be made, or that he is a necessary or proper party to the action, such court or judge may grant an order,' etc. The existence of a cause of action, etc., then, is also a jurisdictional fact which must appear '*in like manner*'—*that is to say, by affidavit.* The statute as clearly makes a cause of action, as nonresidence a juridictional fact, and we no more disregard the one than the other. If this fact does not appear by the affidavit upon which the order for publication was founded, then there was a want of jurisdiction, and the order and publication are void. The only statement in the affidavit is the following: 'Deponent further says that he is a counsellor at law and resides in this city, and that he has a good cause of action in this suit against the said defendant, and that he is a necessary and proper party defendant thereto, as he verily believes.' What 'fact appears by affidavit' here? Simply that the affiant believes he has a good cause of action in this suit against defendant, and believes that Harris is a necessary and proper party defendant. But such an averment is neither the statement of an ultimate fact, such as is required to be stated in a pleading, nor of a probative fact from which such ultimate fact may be deduced, nor a fact of any sort which in any way legally tends to prove such ultimate or probative fact, or from which it may be inferred. It is not the statement of

a fact at all. It is merely the statement of the opinion of the witness in relation to a point upon which the judge is required to form his own opinion upon facts which must appear by affidavit: The judge may have entire confidence in the ability of the affiant as a lawyer, and in his opinion upon a question of law, and the witness may be equally well qualified to determine the point; but the law does not permit him to act upon such confidence or qualifications. Facts are the proper, and only proper, subjects to be set out in affidavits under the provisions of the statute to serve as the basis of judicial action. The affiant's general expression of opinion or belief, without the facts upon which it is founded, is in no sense legal evidence, and does not tend in any degree to prove the jurisdictional facts without which the judge had no authority to make the order." 31 Cal. 342, 354.

And in the second case the following doctrine was established:

"An affidavit to obtain an order for the publication of summons on the ground that the defendant cannot, after due diligence, be found within the State, which does not state whether the residence of the defendant is known, and does not show that the affiant does not know where the defendant may be found, is insufficient to authorize the publication of summons.

"An affidavit in such case must state facts which show that due diligence to find the defendant has been used, and it must also appear therefrom that the diligence has not been rewarded with a discovery.

"If the affidavit upon which an order for publication of summons is made is insufficient, the court acquires no jurisdiction of the defendant, and the judgment is void." *Braly* v. *Seaman,* 30 Cal. 611.

The authority of the cases cited was destroyed by the same court some time later, as follows:

"We are aware that the cases of *Braly* v. *Seaman,* 30 Cal. 610, and *Forbes* v. *Hyde,* 31 Cal. 342, were considered by us upon the theory that the affidavit of the plaintiff or of some one else in his behalf, and the order of the court, constituted a part of the record or judgment roll, and could therefore be consulted on a question of jurisdiction if made. In so assuming—for the point was neither made nor considered—we were in error. In both cases counsel assumed, and therefore conceded, that they were a part of the judgment

roll. Where counsel, eminent for their learning and ability, thus agree as to a matter of statute regulation, it cannot be expected that this court will look critically into the matter, and in view of its manifold labors it may well be pardoned if it does not. It is the duty of counsel to make points and of the court to decide them. Whether the point now determined would have affected the result in either of those cases, it is now too late and therefore idle to inquire. It is sufficient to say that neither of them is authority upon the question, for in neither was the point made or considered." *Hahn* v. *Kelly*, 94 Am. Dec. 748, 34 Cal. 391.

However, in the case of *Galpin* v. *Page*, 18 Wall. 350, the Supreme Court of the United States, in turn, destroyed the authority of the case of *Hahn* v. *Kelly*. We recommend a study of the note to *Hahn* v. *Kelly* on pages 762 to 770 of volume 94 of the American Decisions. We hereafter quote the part of the said note which we deem necessary for the purposes of this opinion. The author, referring to the opinion of the Supreme Court of the United States in *Galpin* v. *Page* delivered by Mr. Justice Field, says:

"He next proceeded to consider the position laid down in the principal case, that the record which may be looked into when a judgment of a court of general jurisdiction, rendered against a person without the territorial limits of the court, upon constructive service by publication, is assailed collaterally, consists only of the papers and proceedings which compose what is designated in the code of procedure as the judgment roll; and that it need not contain the affidavit of the party and the order of the court, without which constructive service of the summons by publication cannot' be made. Upon a careful examination of the provisions of the statute relating to the proof of service by publication, he reached the conclusion that error was committed in *Hahn* v. *Kelly*, in giving to the provision declaring the proof which the officer or person making personal service, or the printer publishing the summons, shall furnish of their acts, the effect of a declaration that no other proof of the service was necessary. He quoted from the opinion of Sanderson, J., to show that it seemed to have been felt by the court that the ruling in the principal case left the judgment roll a defective and imperfect record, and added: 'For the reasons we have stated, we do not admit

that the statute sanctions any such defective record; but on the contrary, we are clear that, properly construed, it requires full proof of the jurisdictional facts to be incorporated into the judgment roll. If, however, we are mistaken, and the order which is the foundation of and the only authority for the publication, is no part of such roll, or if not mistaken, we are bound to accept as correct the construction of the statute given by the state court, then inquiry into the jurisdiction of the court cannot be limited on a collateral attack to the contents of the roll. The remaining record of the proceedings would be of equal authority and verity, and could be equally relied upon.' He pointed out the fact that the record at common law which imported absolute verity was a history of all the acts and proceedings in the action, and said: 'A record professedly embracing only a portion of such acts and proceedings cannot be entitled to similar implicit credit, and cannot equally close the door against collateral attack. The use of the same designation to indicate a different collection of acts and proceedings cannot, of course, carry with it the same import.' He maintained that when constructive service by publication is authorized by statute in place of personal citation, the statute must be strictly pursued; that this rule had not been denied in any state court and that it had been repeatedly asserted in the most, emphatic manner by the Supreme Court of California, citing *Jordan* v. *Giblin*, 12 Cal. 100; *Ricketson* v. *Richardson*, 26 Id. 149; *Forbes* v. *Hyde*, 31 Id. 342. On this point the learned justice said: 'Now, if the rule in *Hahn* v. *Kelly* be correct, we have this singular result: that whilst the statute must be strictly followed before jurisdiction can be acquired over the person, a party against whom a judgment is rendered is precluded from examining the proceedings, by which alone it can be seen whether the statute has been followed. In other words, the court says no jurisdiction is acquired by the court if the requirements of the statute be not pursued, but the record of the proceedings taken shall always be a closed book.' And in concluding upon this point, he said: 'From the examination we have thus been able to give to the case of *Hahn* v. *Kelly*, we do not find in it sufficient reasons to depart from the old and well-established rules formerly recognized in the supreme court of the State, the observance of which, as we are more and more impressed every day, is essential to the protection of the rights of all citizens, whether resident or non-resident of the State.'' 94 Am. Dec. 767, 768.

Considering the jurisprudence quoted in connection with the affidavit presented in this case, which is transcribed near the beginning of this opinion and which was the only basis of the court for ordering that the defendant be summoned by publication, the complaint not being verified, it is necessary to conclude that the court acted without jurisdiction and that the judgment rendered by it is null and void. The affidavit contains no facts, but only conclusions, and this is contrary to law and jurisprudence.

The first question raised being so disposed of, a consideration of the second question may be dispensed with.

The order appealed from must be reversed and substituted by another to the effect that the default judgment rendered against the defendant on October 30, 1917, is null and void.

*Reversed and substituted.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.