ADALINA O'SHEAF ET AL., ·Petitioners, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 538.   Argued December 6, 1926, and November 21, 1927.— Decided May 31, 1928.

*Arjona* & *Arjona* for the petitioners.   The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

A motion to annul a judgment on the ground of jurisdiction was presented to the District Court of Ponce and overruled.   This is an attempt by certiorari to annul the said

judgment. As stated by the complaint filed in the district court, María Criado, aided by her husband, constituted a mortgage in favor of Alaida O'Sheaf y Colón in the sum of $2,000 and $500 for interest and costs. Alaida O'Sheaf died on the first day of December, 1919, and her brothers and sisters were declared to be her heirs along with a niece in substitution of the mother of the said niece. A suit was filed to obtain a cancellation of the mortgage alleged to be paid, and for damages. Five persons were named in the complaint as being the heirs, but apparently only three of them were sued in this action. Two of the persons so sued, as the record shows, appeared and demurred by an attorney. There was some question whether the said attorney represented the defendant and present petitioner, Adalina O'Sheaf, in filing the demurrer. Apparently at one time the said attorney filed a paper saying that he did not represent Adalina O'Sheaf, but on the 17th day of August, 1925, he presented a motion under section 140 of the Code of Civil Procedure wherein it positively appeared that the said attorney in filing the demurrer did represent Adalina O'Sheaf. The original demurrer was abandoned, especially so far as Adalina O'Sheaf was concerned. No answer was ever filed by her.

Now, while her default was noted on the theory that she had been brought into court by publication, and not by personal service, yet it is evident that she made a personal appearance. On the 20th of March, 1925, the court rendered judgment against several defendants and this took place after the default noted against Adalina and another. There was a recital in the judgment that the default against Adalina was noted on account of the publication. Nevertheless, there was a trial and presumably a due setting of the case. Hence the judgment against her, if severable, is *res adjudicata*. The object, in part, of this preliminary account is to show that Adalina O'Sheaf has no standing in this court to attack the

judgment and jurisdiction of the District Court of Ponce by reason of the alleged fatal defect in the publication.

It is clear, however, that Frank O'Sheaf, the other petitioner, was not subjected to the jurisdiction of the District Court of Ponce by reason of any appearance, personal or otherwise, or by publication. We agree with the petitioner that if the publication was insufficient the court at the time of the judgment did not acquire jurisdiction over him. *Goldsmith* v. *Villari*, 27 P.R.R. 726. That case with its citations is also authority to the effect that a judgment void on its face may be attacked at any time. Section 94 of the Code of Civil Procedure, Compilation sec. 5078, provides:

"When the person on whom the service is to be made resides out of the said Island, or has departed from said Island, or cannot, after due diligence, be found within said Island, or conceals himself to avoid the service of summons, when he is without any known residence or is a foreign corporation, having no managing or business agent, cashier or secretary within the Island, and the fact appears by affidavit to the satisfaction of the court or a judge thereof, and it also appears by such affidavit, or by the verified complaint on file that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action, such court or judge may make an order that the services be made by the publication of the summons."

The affidavit for publication in this case was as follows:

"I, Alfredo Schmidt, do solemnly swear: That I am one of the plaintiffs in the present case; that I, together with my wife María Criado, have brought an action to recover money in the District Court for the Judicial District of Ponce, against Alfredo, Frank and Adalina O'Sheaf; that I have made to my counsel a faithful and exact statement of the facts on which I will base my defense and that in the opinion of said counsel I have a good and sufficient defense; that I know personally that the defendants Frank and Adalina O'Sheaf live without the Island of Porto Rico, in the Republic of Mexico, their residence in that country being unknown.

"Alfredo Schmidt.

"Subscribed and sworn to before me by Alfredo Schmidt, of age, married, property owner and a resident of Villalba, whom I certify to know personally, in Ponce, P. R., this 29th day of January, 1924.

"F. Godoy, Deputy Clerk."

As in the case of *Goldsmith* v. *Villari, supra,* the complaint in this case was unsworn, so that the publication or the complainants can obtain no aid from it. The affidavit is the sole support of the judgment as against Frank O'Sheaf. We are agreed with the petitioner that an affidavit of this character must be construed with strictness. *Galpin* v. *Page,* 18 Wall. 350, 369. We do not agree with the petitioner that the record should show that the court expressed itself satisfied with the affidavit. After the court issued the order of publication this would be the presumption if the affidavit was in fact in due form.

The affidavit, however, is fatally defective in not setting forth the facts from which the court could infer that the complainants had a good cause of action. *Forbes* v. *Hyde,* 31 Cal. 342; *Goldsmith* v. *Villari, supra; Galpin* v. *Page, supra; Bachrach Garage* v. *Hotchkiss & Co.,* 34 P. I. 508; 21 R.C.L. 1294; 32 Cyc. 475 *et seq.* It has also been decided that the opinion of neither counsel nor the party could avail a complainant on whether a good cause of action existed. *Forbes* v. *Hyde, supra.*

The case of *Forbes* v. *Hyde, supra,* was cited with approval in *Goldsmith* v. *Villari, supra.* There are no facts to show a good cause of action set forth in the foregoing affidavit. The affidavit was insufficient to give the court jurisdiction over Frank O'Sheaf.

This is not a case where the discretion of the court is involved and greater liberty may be allowed in the construction of affidavits, *Martínez* v. *Sánchez,* 33 P.R.R. 802, but the affidavit is one that is a condition precedent to giving the court jurisdiction.

Furthermore, Frank O'Sheaf has made no appearance in this case except to attack the jurisdiction of the court. Such

an appearance, however styled, is considered a special appearance. *Aparicio* v. *H. C. Christianson & Co.,* 23 P.R.R. 457, 460.

We shall next inquire what is the effect of declaring the judgment null and void as against Frank O'Sheaf. There was a general pronouncement therein of a thousand dollars damages against the defendants. This is totally void as against Frank O'Sheaf.

With respect to the judgment of the court ordering a cancellation of the mortgage, we are not quite so sure. The court did obtain jurisdiction against Alfredo and Adalina O'Sheaf, and apparently or possibly against the niece, inasmuch as the original attorney for Adalina O'Sheaf so stated in one of his affidavits. The effect of annulling the judgment against Frank O'Sheaf was not discussed before us nor in the court below and we feel bound to leave the question open.

The judgment for damages against Alfredo and Adalina O'Sheaf should stand, subject perhaps to a doubt as to whether it was a joint or several judgment, or only a joint one. So far as the judgment of the district court depends upon having obtained jurisdiction against Frank O'Sheaf, it should be annulled, and the record remanded to the District Court of Ponce for other proceedings not inconsistent with this opinion.

Mr. Justice Texidor took no part in the decision of this case.