ARMANDO A. MIRANDA, Intervener and Appellant, v. HEIRS OF RUFINO ALICEA ERAZO, Petitioners and Appellees.

No. 6826. Argued June 8, 1937.—Decided November 10, 1937.

*Armando A. Miranda,* plaintiff in the main suit, on his own behalf. *Dubón & Ochoteco* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an appeal taken from a judgment of a district court rendered in a certiorari proceeding, which annulled another judgment rendered by a municipal court in an action to recover compensation of an attorney.

It appears from the record that on June 11, 1932, Armando A. Miranda, an attorney, brought an action in the Municipal Court of Bayamón against "John Doe and Richard Roe, that is, the unknown heirs of Rufino Alicea Erazo," to collect three hundred and ten dollars for professional services rendered during the life of their predecessor in interest. He alleged in the complaint that he had unsuccessfully attempted to find out who were the heirs, so that they would pay him the debt.

On the same 11th day of June, the plaintiff moved to secure the judgment that might be rendered, a measure which was granted by the court immediately upon the giving of a four hundred dollar bond.

After the summons was issued, the same was returned with the statement that it had not been served "on the ground that John Doe and Richard Roe, that is, the unknown heirs of Rufino Alicea Erazo, were unknown persons".

The plaintiff then filed in court a motion for substituted service and he attached thereto an affidavit stating the following:

"That the defendants John Doe and Richard Roe are the unknown heirs composing the succession of Rufino Alicea Erazo, who died in Bayamón, Puerto Rico, in or about the month of January, 1932.

"That the complaint filed in the instant case is one for the collection of attorney's fees.

"That from the beginning of 1930 up to the occurrence of the death, the plaintiff rendered professional services to Mr. Rufino Alicea Erazo, the predecessor in interest of the defendants herein, John Doe and Richard Roe, that is, the unknown heirs of Rufino Alicea Erazo.

"That said professional services were rendered by the plaintiff, at the distance of said Rufino Alicea Erazo, now deceased.

"That the amount of said professional services is worth reasonably the sum of three hundred and ten dollars ($310.00).

"That at his death, Rufino Alicea Erazo owed said sum to the plaintiff, and he has not paid the same in whole or in part.

"That the plaintiff has attempted to learn who are John Doe and Richard Roe, that is, the unknown heirs of Rufino Alicea Erazo, so that said unknown heirs would pay him the amount due for professional services, but up to now, the plaintiff has not been able to learn who they are.

"That the amount owed by the defendants to the plaintiff has not been paid to the latter in whole or in part, either by the defendants or any other person in their name.

"That said sum of three hundred and ten dollars ($310.00) is due, liquidated, and collectable.

"That the plaintiff thinks he has a good and just cause of action, a fact which he is in good position to determine, being a practicing attorney.

"That the summons in the instant case has been returned without being served because of the failure to find John Doe and Richard Roe, that is, the unknown heirs of Rufino Alicea Erazo, who are persons entirely unknown and without any known residence.

"That for the purposes of the prosecution of the instant case, the plaintiff needs that said John Doe and Richard Roe, that is, the unknown heirs of Rufino Alicea Erazo, be served by publication of the proper summons."

The court ordered such substituted service, and the summons were published in "La Correspondencia de Puerto Rico." Nobody appeared, and the plaintiff asked the clerk to enter the default of the defendants. The clerk did so on September 23, 1932, and the plaintiff prayed the court to enter the case in calendar and to set the same for trial.

The judgment for plaintiff rendered by the municipal court on October 4, 1932, follows in the transcript of the record.

At this stage, and after the execution of the judgment on March 16, 1933, there appeared in the action the "defendant heirs" who were "the decedent's acknowledged children Eusebio, Hermenegilda, Miguel, and Romualdo Alicea y Vázquez" praying the court to set aside the default entered, the judgment rendered, and the auction sale held, and to permit it to file the answer attached. They alleged that they had notice of the action only when the auction sale took place, that the property sold for $75.00 at the auction was worth $700.00 and that notwithstanding that the plaintiff swore to the contrary, he knew who were the heirs of Rufino Alicea. The motion is signed by Attorney José S. Alegría and is verified by one of the heirs.

The plaintiff objected, and after a hearing, the court denied the motion on May 23, 1933.

On November 21, of the same year, the heirs appeared once more in the action through their attorney and filed a motion

to annul the judgment. The plaintiff objected thereto on the ground that the defendants submitted to the jurisdiction of the court upon filing their previous motion and that the question of nullity which they raised had been already decided since May 23, 1933.

After both parties were heard on this motion, the court overruled the same by the order of February 2, 1934. Thereupon the heirs of Alicea resorted to the district court by filing therein a petition in certiorari on March 14, 1934.

The district court issued the writ and after hearing the interested parties, it rendered the judgment to which we referred at the beginning of this opinion, annulling the judgment of the municipal court. The court filed an extensive opinion which it summarized in the end, as follows:

"In brief, as the affidavit which served as a basis for the issuance of the order providing for substituted service on the defendant succession does not contain a statement of facts by which the judge could form his own opinion as to the fact that notwithstanding the employment of due diligence, the residence of such heirs was still unknown, since the averment made by the affiant is neither the statement of an ultimate fact, such as is required to be stated in a pleading, nor of a probative fact from which such ultimate fact may be deduced, nor a fact of any sort which in any way legally tends to prove such ultimate or probative fact, or from which it may be inferred; as the foregoing applies also to the negative certificate or affidavit of service of the summons, for which reason the same is of no avail, on the assumption that it could be availed of, as being insufficient, for the affiant states a conclusion and not a fact; as the decisions are regularly holding that the statement upon which an order for service by publication may be based must contain facts showing compliance with the legal requirements, and that such procedure must be strictly and carefully followed; as an appearance after the entry of a default implies submission to the jurisdiction of the court in all subsequent proceedings, but not retrospectively so as to validate previous void proceedings; as in conformity with the text and spirit of Section 140 of the Code of Civil Procedure, the same is best observed by deciding the cases upon their substantial merits so that the ends of justice be aided rather than destroyed;

and as all these circumstances are attendant in this proceeding, the petition must be and is granted.''

Feeling aggrieved by that decision, the plaintiff in the action for the collection of fees appealed to this Supreme Court. He assigned in his brief seven errors, which he argued separately. The defendants answered.

As may be seen, the decision of this case depends upon whether or not the service by publication conferred on the municipal court, jurisdiction over the defendants, or, if not, whether said defendants subsequently submitted to the jurisdiction of the court.

 Service by publication is authorized by law. Section 94 of the Code of Civil Procedure. But before such service can be effectively ordered, strict compliance with the statute is necessary. Was there such compliance in the instant case? The answer should be in the negative, in accordance with the facts and the law. In this respect, the trial court in its opinion said:

"Before the lower court could have validly made the order directing that the defendant heirs be served by publication of the summons, the following facts must have appeared by affidavit: 1, that after due diligence, the defendants could not be found within the Island or were without any known residence; and 2, that a cause of action exists against the defendants.

"As regards the first element, the affidavit presented to the lower court in the instant case contains the following particulars:

" '. . . That the plaintiff has attempted to learn who are John Doe and Richard Roe, that is, the unknown heirs of Rufino Alicea Erazo, so that said unknown heirs would pay him the amount due for professional services, but up to now, the plaintiff has not been able to learn who they are.

" '. . . That the summons in the instant case has been returned without being served because of the failure to find John Doe and Richard Roe, that is, the unknown heirs of Rufino Alicea Erazo, who are persons entirely unknown and without any known residence.'

"In *Forbes* v. *Hyde*, 31 Cal. 342 (see *Goldsmith* v. *Villari*, 27 P.R.R. 726, 731) it is said:

" 'The fact must appear by affidavit before jurisdiction to make the order attaches. That is to say, there must be an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the jurisdictional fact appear, for the judge to act upon before he has any jurisdiction to make the order. Unless the affidavit contains some such evidence, tending to establish every material jurisdictional fact, the judge has no legal authority to be satisfied, and if he makes the order, he acts without jurisdiction, and all proceedings based upon it are void.'

"What fact appears by affidavit in the instant case? Simply that the affiant has attempted to ascertain who are the unknown heirs of Rufino Alicea Erazo, without being able to learn their identity. But, as held in *Forbes* v. *Hyde, supra:*

" '. . . . such an averment is neither the statement of an ultimate fact, such as is required to be stated in a pleading, nor of a probative fact from which such ultimate fact may be deduced, nor a fact of any sort which in any way legally tends tô prove such ultimate or probative fact, or from which it may be inferred. It is not the statement of a fact at all. It is merely the statement of the opinion òf the witness in relation to a point upon which the judge is required to form his own opinion upon facts which must appear by affidavit. . . . Facts are the proper, and only proper subjects to be set out in affidavits under the provisions of the statute to serve as the basis of judicial action. The affiant's general expression of opinion or belief, without the facts upon which it is founded, is in no sense legal evidence, and does not tend in any degree to prove the jurisdictional facts without which the judge had no authority to make the order.' In *Braly* v. *Seaman,* 30 Cal. 611 (see once more *Goldsmith* v. *Villari, supra*) it is said:

" 'An affidavit in such case must state facts which show that due diligence to find the defendant has been used, and it must also appear therefrom that the diligence has not been rewarded with a discovery.

" 'If the affidavit upon which an order for publication of summons is made is insufficient, the Court acquires no jurisdiction of the defendant, and the judgment is void.'

"In *Galpin* v. *Page,* 3 Saw. 93, 85 U. S. 350, the Supreme Court of the United States declared that a sound construction of the statute demands that the jurisdictional facts affirmatively appear by sufficient evidence or proper averment in the record; and that where by legislation of a state, constructive service of process by publication is substituted in place of personal service, the statutory provi-

sions must be strictly pursued; a rule which has not been questioned by any state court and which had been most emphatically upheld by the Supreme Court of California in repeated instances, among them *Jordan* v. *Giblin,* 12 Cal. 100; *Ricketson* v. *Richardson,* 26 Cal. 149; *Forbes* v. *Hyde, supra.*

"An affidavit of this character must be construed with strictness. See *O'Sheaf et al.* v. *District Court,* 38 P.R.R. 231, 234, where it was added:

" 'This is not a case where the discretion of the court is involved and greater liberty may be allowed in the construction of affidavits, *Martínez* v. *Sánchez,* 33 P.R.R. 802, but the affidavit is one that is a condition precedent to giving the court jurisdiction.'

"But the fact is that the existence of any one of the conditions specified by the statute is not alone sufficient. Sutherland, Code Pleading, Practice and Forms, vol. 1, pp. 656–7; *Cintrón* v. *Registrar,* 35 P.R.R. 737, 741. As was said in *García & González* v. *Registrar,* 41 P.R.R. 662, 665:

" 'In accordance with these provisions, and the complaint not having been verified, before an order for service of the summons by publication could be validly made, the affidavit filed by the plaintiff in this case must contain proper showing on two points, viz., that the defendant did not reside in the Island, and that a cause of action existed against him. The first of these requirements was complied with, but not so as to the second. For that reason, the court had no power to order that the service be made by publication of the summons and did not acquire jurisdiction over the person of the defendant nor any authority to sell his property.'

"In *Ricketson* v. *Richardson,* 26 Cal. 149, 155, and in *Steinbach* v. *Leese,* 27 Cal. 295, 299, it is said:

" 'Where this kind of service is sought the proceedings should be carefully scrutinized and strict compliance with every condition of the law exacted; otherwise its provisions may lead to gross abuse, and the rights of person and property made to depend upon the elastic consciences of interested parties, rather than the enlightened judgment of a Court or Judge.'

"So far, it seems evident that the municipal court did not acquire jurisdiction over the defendant heirs in the proceeding for the collection of fees which ended in the judicial sale of the property of the petitioners, because the order for service of the summons by publication was made without jurisdiction. The judgment, as well as the execution thereof, was, therefore, void. *Cintrón* v. *Registrar, supra:*

Did the court acquire thereafter, by virtue of the defendants' motions of March 16 and November 21, 1933, the jurisdiction it lacked? Another negative answer should be given in accordance with the facts and the law. In that respect, the trial court in its opinion said:

"2.—It appears from the record that the alleged heirs appeared by a verified motion praying that the default be set aside and that leave be granted to file a demurrer for want of jurisdiction over their persons and an answer wherein the material facts stated in the complaint are denied, both of which documents were attached to their motion. It is alleged that this constituted a general appearance of the defendant heirs, and that any jurisdictional defect was thus cured. We do not think so. Attention is called to the fact that it is necessary to bear in mind that the lower court denied the motion to set aside the default and the leave asked to file the documents attached.

"The defendant heirs were not deemed to have appeared in the record by reason of their demurrer and answer, because the denial of leave to file the same prevented the occurrence of the appearance intended to be made. The heirs intended to appear. They asked leave to file their pleadings in opposition to the claims of the plaintiff. But their request was not granted. They were refused such leave at the instance of the plaintiff therein and intervener herein.

"See *Andino* v. *Knight*, 20 P.R.R. 185, 189, wherein an appearance was deemed eliminated from the record for the reason that the striking out of a demurrer was ordered by the court. Or as was said therein:

"'But the respondent contends that the defendant is barred from pleading to those defects now because his appearance cured any defects which the return of service of the summons might have contained. This claim would be good if the filing of his demurrer constituted an appearance, but it is not in this case in which the order striking out the demurrer made at the instance of the respondent eliminated said appearance from the record.'

"But was by chance the motion to set aside the default, in itself, a voluntary appearance? We shall only answer to this by quoting from *Hernáiz Targa & Co.* v. *Vivas*, 20 P.R.R. 99, 105, the following:

"'In the case of *In re Clarke*, 125 al., 388, the Supreme Court of California laid down the following doctrine which it afterwards ratified in the case of *Security, etc., Co.* v. *Boston, etc., Co.*, 126 Cal., 418: "On general principles, a statement that a defendant or party

makes a special appearance is of no consequence whatever. If he appears and objects only to the consideration of the case, or to any procedure in it, because the court has not acquired jurisdiction of the person of the defendant, the appearance is special, and no statement to that effect in the notice or motion is required or could have any effect if made. On the other hand, if he appears and asks for any relief which could only be given to a party in a pending case, or which itself would be a regular procedure in the case, it is a general appearance no matter how carefully or expressly it may be stated that the appearance is special. It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material.'' See also the case of *Nisbit* v. *Clio Mining Company*, 2 Cal. App., 436.'

''However, there is something more that should not escape a rapid inspection. Section 98 of the Code of Civil Proceduce says that the voluntary appearance of a defendant, and we are now referring once more to the motion to set aside the default in itself, is equivalent to personal service of the summons and copy of the complaint upon him, and that from the time of the service of the summons and of the copy of the complaint, the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings. The fact that the heirs appeared made them subject to all subsequent proceedings, but that did not mean that their appearance validated previous void proceedings.

''In *Franceschi* v. *Sepúlveda*, 27 P.R.R. 110, 113, it is said:

'' 'Attorney José Tous Soto appeared before the Ponce court in behalf of defendant Carlos Toro Labarthe on July 11, 1918, and moved that Héctor Santi Franceschi be summoned to answer the complaint as warrantor, and that appearance was general and therefore equivalent to personal service of the summons on defendant Toro Labarthe. *Hernáiz, Targa & Co.* v. *Vivas*, 20 P.R.R. 99; *Aparicio Brothers* v. *H. C. Christianson & Co.*, 23 P.R.R. 457. From the time that defendant Toro Labarthe made his general appearance in the Ponce court he submitted to its jurisdiction in all later proceedings, but not retrospectively so as to validate previous void proceedings. 2 R.C.L. 332.

'' 'The general appearance of Toro Labarthe does not prevent him from moving to open the default previously entered. . .' .'' :

Having arrived at the foregoing conclusions after a thorough study of the case, and after having considered all the questions raised by the appellant in his briefs of Feb-

ruary 7 and November 27, 1936, we think that remedy by certiorari was properly sought despite the failure to appeal from the orders of the municipal court of May 23, 1933, and February 2, 1934, and that the declaration of nullity of the judgment of October 4, 1932, which was rendered by the court against the defendants without having acquired jurisdiction over them, was properly obtained within such certiorari proceeding.

As the district court well said in its repeatedly quoted opinion:

"3.—As a matter of law, the motion to set aside the default should have been sustained in view that the summoning of the defendant heirs had not been duly conducted. Where a judgment by default is void on its face because of lack of jurisdiction which appears from a simple examination of the record, it may be set aside at any time after its entry without regard to the time prescribed by Section 140 of the Code of Civil Procedure. *Torres & Enseñat* v. *Alfaro*, 24 P.R.R. 683; *Freiría & Co., Ltd.*, v. *R. Félix, Hns. & Co.*, 20 P.R.R. 148. It is a settled doctrine that an absolutely void process can be attacked at any time and the mere silence or inaction of the defendant does not waive his rights. *Bennet* v. *Hernández*, 22 P.R.R. 323, 327."

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.