THE PEOPLE OF THE STATE OF CALIFORNIA v. EN-
RIQUE HUBER.

THE statutory provisions for acquiring jurisdiction of the person of a defendant, by
publication of the summons in the stead of a personal service, must be strictly
pursued.

An order to publish a summons made in advance of the issuance of the summons
is a nullity.

Where, after complaint filed and before any summons was issued, an order was
obtained from the Judge that "summons do issue" and that it be published,
and without any further order summons was subsequently issued and published:
*Held*, that the attempt thus to acquire jurisdiction of the defendant was in-
effectual, and that a judgment rendered against him by default, without any
other service of process, was void.

The Judge has no power to order a summons to issue, but only to order a summons
already issued to be served in a special manner.

APPEAL from the Fifteenth Judicial District.

Action to recover of defendant $3,011.35. Complaint was filed
on the twenty-second day of April, 1861 ; on the thirteenth day
of May, 1861, plaintiff's attorney applied, on affidavit to the Judge,
for an order to publish the summons.

On the same day, the Judge made the order, as follows : " Upon
reading the foregoing affidavit and duly considering the same, it is
ordered that summons in said cause do issue, and that the same be
published, &c.," in the usual form. No summons was issued in the
action until the seventeenth of May. Of this summons publication
was made without any further order ; and in December, 1861, on
proof of the publication, plaintiff had judgment for the amount
prayed for ; from which judgment defendant appeals—assigning as
error that the Court obtained no jurisdiction of his person.

*Delos Lake*, for Appellant.

*Attorney General*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J.
and COPE, J. concurring.

The statutory provisions for acquiring jurisdiction of the person
of a defendant, by publication of the summons in the stead of a

personal service, must be strictly pursued. (*Jordan* v. *Giblin*, 12 Cal. 100; *Evertson* v. *Thomas*, 5 How. Pr. R. 45; *Kendall* v. *Washburn*, 14 Id. 380.) Actions are commenced by the filing of a complaint and the issuing of a summons thereon. After the summons is issued, it is to be served. Ordinarily the service is to be personal; but in some cases, the service may be made by a publication of the summons, pursuant to an order of the Court or a Judge. (Civil Prac. Act, secs. 22, 29, 30.) There is no provision that a Judge may order a summons to issue. His only power is to order the summons, which has already issued, to be served in a special manner. In some cases, certain other orders may perhaps be signed by a Judge at Chambers before the order can properly take effect; for instance, an injunction may be issued at the time of issuing the summons, (Sec. 113) but as the two things cannot be done literally at the same point of time, if the injunction order is actually signed before the issuing of the summons, the order is inchoate, and is not intended to and does not take effect until the issuing of the summons. But in this case, there is no room for supposing such an intention, or for treating the order as inoperative until the summons issued, as the order itself provides for the future issuing of the summons. The order, " that summons in said cause do issue, and that the same be published," etc., was filed in the Clerk's office on the thirteenth day of May, and the summons itself was not issued until the seventeenth day of May. An order of this nature cannot thus be made in advance, and to become operative at some future day when the plaintiff may see fit to commence his action by taking out his summons, if such could be supposed to be the intention. The Practice Act contemplates that the Judge must be satisfied by affidavit of the absence of the defendant at the time when he is applied to for his order, and when it is to take effect. If an order might be procured in advance and held four days before taking out the summons, it might be so held for a much longer time, and so that when the summons actually issues, the defendant may have returned to the State. In this case, it is stated in the affidavit that the absence is temporary. (See *Rawdon* v. *Corbin*, 3 How. Pr. R. 416.) There being, therefore, no valid order for the service by publication of the summons which was

issued in this action, the attempt to acquire jurisdiction of the defendant was ineffectual, and the judgment is void.

It is unnecessary to express an opinion upon the other objections alleged by the appellant.

Judgment reversed.