HUETE *v.* TEILLARD.

APPEAL from the District Court of Mayagüez.

No. 575.—Decided January 18, 1911.

SUMMONS—DEFECTIVE SUMMONS.—The amendment of a summons is not a practice authorized by the Code of Civil Procedure; if, for any reason a summons should be defective, a *new* summons must be issued, at the instance of the party, but there is no provision whatever authorizing the amendment of a summons in such a manner as to have effect from the time it was originally issued.

ID.—SUMMONS BY PUBLICATION—PERSONAL ACTION.—It is a well-established principle that in a personal action, when the defendant resides outside the jurisdiction of the insular court, the summons cannot be made by publication; in such cases the publication of the summons cannot be considered as service thereof upon a defendant residing outside the Island, so as to base thereon a judgment rendered in a personal action; the service thus made and the mailing of a copy of the summons as prescribed by law do not give jurisdiction to the court.

ID.—ORDER AUTHORIZING THE PUBLICATION OF THE SUMMONS.—The order authorizing the publication of a summons cannot be made before such summons is issued. The first step to be taken is to secure the issue of the summons by the secretary, without the intervention of the judge, and after delivery of the summons to the marshal, the judge, in proper cases, shall then order its publication in the manner provided by law; these requisites must be strictly complied with.

ID.—PROCEEDINGS IN REM—ATTACHMENT OF DEFENDANT'S PROPERTY.—In proceedings *in rem*—that is, in those cases where the law authorizes the attachment and sequestration of the property belonging to the defendant, situated within the judicial district—the citation may be made by publication, and the judgment validly rendered upon the strength of such citation.

ID.—In the issue of an execution of an attachment upon property situated within the jurisdiction of the court, the proceedings prescribed by law must be care-

fully followed, to the end that the service of process upon the defendant may prove effectual.

ID.—PERIOD OF PUBLICATION.—The period of publication of the summons depends, to a certain extent, on the discretion of the court, for the law only provides that it shall be made, at least once a week, and for a period of not less than a month; but the court must fix, in its resolution, the time during which the publications are to be made, and if said time is fixed in days it must be so reckoned that from the day on which the first publication was made to that on which the last one appears the period fixed by the court shall have expired.

ID.—JURISDICTION.—The publication of the summons for the period ordered is necessary for the purpose of conferring jurisdiction over the person of the defendant, and if the order of the court is not strictly complied with, the court lacks power to decide whether or not the defendant has been sufficiently notified, and whether or not the summons was published for a sufficient period of time, since the only question which the court can consider and decide is whether the order directing the publication was or was not complied with in all its parts.

The facts' are stated in the opinion.

· *Mr. Francis H. Dexter* for appellant.

*Mr. José Benet* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

In this cause, on May 13 last, the District Court of Mayagüez entered the following judgment, to wit:

"This cause was called for hearing on April 30, 1910, the plaintiff appearing through his counsel, José Benet, without the appearance of the defendant, whose default appears in the record. The pleadings having been heard, the evidence introduced, and the arguments of the counsel presented, the court reserved its decision until to-day, declaring that the law and the facts are in favor of the plaintiff, and therefore declares the complaint to be sustained, and orders that the plaintiff recover from the defendant the sum of $200.50, as taxes paid in behalf of said defendant, and the sum of $225 for attendance, care, and supervision of the defendant's property from the year 1894 to the year 1909, and the costs are laid upon the defendant. Let this judgment be entered in the proper book of this court, and an order be issued to the marshal for its execution."

From this judgment an appeal was duly prosecuted, and in her brief the appellant assigns two errors, which read as follows:

"First. That no legal summons has been made, as the second order for publication was entered before the issuance of the new summons.

"Second. The edict was not published during the 40 days required by the law and as it was directed by the court's order."

Let us consider them in their order. Then, has there been any legal service of the summons? Two writs issued in this case against the defendant, with a view to bringing her into court in answer to the complaint presented. The first bore date September 6, 1909, and the second January 28, 1910.

On September 23, 1909, an order was issued commanding the service of summons on the defendant by publication. Afterwards, on January 13 last, an application was made for an attachment against the property of the defendant, which was ordered on the 18th of the same month. On the 20th the required bond was filed, and the attachment was issued against the property of the defendant. On the 25th of the same month the plaintiff moved the court to amend the summons already issued so as to include the attachment of the property. On the 27th of the same month the court made an order, reading as follows:

"The petition of the plaintiff which was presented on January 25, 1910, having been heard, it is ordered that *a new summons be issued* by the secretary, as has been requested, and that said summons be published in the newspaper *La Bandera Americana,* of this city, said periodical being considered as the one which will sooner notify the defendant; and it is ordered further that the publication be made in the manner prescribed in the order of this court of September 23, 1909, and that a copy of the *new summons* be also sent, under a registered letter, to the last residence of the defendant."

On the next day the new summons was issued and was entitled "Amended Summons." The said summons was published in *La Bandera Americana,* a newspaper issued in Mayagüez, in proper form, on the 3d, 7th, 14th, and 21st of February, and on the 1st and 8th of March, 1910.

On April 28, 1910, the default was noted for failure on the part of the defendant to make answer. The case having been set down on the calendar was heard on April 30, and taken under advisement until May 13, when judgment was

rendered in favor of plaintiff. On May 10, F. H. Dexter, Esq., appeared solely to object to the jurisdiction of the court, setting out his reasons therefor. From this brief statement we can readily examine and determine concerning the alleged errors of the trial court.

Amending a summons is a practice unknown to our Code of Civil Procedure. If for any reason a summons is defective and does not serve its purpose, a new summons can and should be issued on proper application; but we are unable to find any authority for amending a defective summons so as to make it effective from the date on which it was originally issued.

It is well settled that in a personal action against a person residing beyond the jurisdiction of our Insular courts service cannot be made by publication. It has been held by the Supreme Court of the United States that—

"A personal judgment is without any validity if it be rendered by a State court in an action upon a money demand against a nonresident of the State who was served by a publication of summons, but upon whom no personal service of process within the State was made, and who did not appear; and no title to property passes by a sale under an execution issued upon such a judgment."

"Substituted service by publication, or in any other authorized form, is sufficient to inform a nonresident of the object of proceedings taken, where property is once brought under the control of the court by seizure or some equivalent act; but where the suit is brought to determine his personal rights and obligations—that is, where it is merely *in persona*,—such service upon him is ineffectual for any purpose." (*Pennoyer* v. *Neff,* 95 U. S., 714.)

This case has been repeatedly quoted with approbation and often followed, during the last 30 years, among other courts by that of California, in the case of *De La Montanya* v. *De La Montanya,* 112 Cal., 109. Then, under the doctrine announced in *Pennoyer* v. *Neff* and thoroughly established, there can be no service, beyond the Island, whereon to base a personal judgment such as was rendered in this case. The

first effort to obtain service was futile and must be disregarded.

But was the new summons valid? Let us disregard the error made in calling it an "amended summons" and consider it as a new writ altogether. It certainly was not regularly issued, since the order for publication was made before the issuance of the writ, which is forbidden by the law. Under the jurisprudence of California, which has a Code of Civil Procedure similar to ours, the issuance of the summons is the first step; and this is taken by the clerk without the intervention of the judge, and, after the writ is in the hands of the sheriff or marshal, the judge, on a proper showing, orders the service to be made by publication as prescribed in the statute. This is not an immaterial matter but a requirement of the law which must be strictly followed. (*People* v. *Huber,* 20 Cal., 82; *Forbes* v. *Hyde,* 31 Cal., 351; *Cohn* v. *Kember,* 47 Cal., 145.)

Then, in a case purely and exclusively personal, the court cannot acquire jurisdiction over a defendant absent and beyond the seas by "substituted service"—that is to say, by publication of the summons in a newspaper and mailing a copy as the statute prescribes.

A different method must be followed and jurisdiction can be acquired by proceedings *in rem;* that is to say, in cases where the law authorizes the issuance of an attachment and the seizure of property belonging to a defendant and lying within the territorial jurisdiction of the court, service of the summons may be made by publication, and a valid judgment predicated thereupon. Moreover, in the issuance of the attachment and the levy of the same upon property situate within the jurisdiction of the court, the statutes governing such proceedings must be carefully followed in order to make the service effective. (Section 94 of the Code of Civil Procedure; Sess. Acts 1904, p. 212; *Morse* v. *U. S.,* for use of Hine, 29 App. D. C., 442.)

Passing to the second error alleged, we must inquire

whether or not, granting for the sake of argument that the summons was properly issued, it was published for the time required by law. This period is left to some extent to the discretion of the court ordering the publication, the statute merely directing that the publication must be made "for such a length of time as may be deemed reasonable, at least once a week," but "not less than one month." This period must be settled and fixed in the order when made by the judge. (Section 95 of the Code of Civil Procedure; Sess. Acts 1904, p. 212.) The order in the case at bar reads as follows:

"That the service of summons in this suit be made on the defendant, Eugenia Teillard, by means of edicts which shall be published in the newspaper of largest circulation in this city, or of the city of San Juan, according to the wishes of the plaintiff, said publication being made at least once a week during a term of 40 days, and a copy of said summons and of the complaint being also forwarded, under registered cover, to the former residence of the defendant at Grenoble, France,"

It is seen that the time prescribed in the order as reasonable was "a period of 40 days." In making this order and fixing the time necessary for service the judge exercised, once for all, his discretion, and the order thus made became the law governing the proceedings in the case. Then, was the order complied with?

The first publication was made on Thursday, February 3, and the last on Tuesday, March 8. This period covers, including both these dates, 34 days.

It is urged that in counting the time of the publication the computation should be by weeks, and that the entire week in which each publication was made should be included in estimating the period of publication; thus, the month of February, beginning on Sunday, that whole month should be counted, making 28 days, and that March 8, when the last publication occurred, falling on Thursday, the time should be extended from that day until the end of the week, on Sat-

urday, the 12th, which, adding 12 days from March to the 28th of February, would make 40 days and thus complete the required 40 days.

But it is useless to figure out the time by any such method as this in order by such juggling to show that the 40 days could be covered. The order says the publication shall be made for a period of 40 days, and it cannot be reasonably construed to mean anything else than that the time elapsing from the first to the last weekly publication shall be at least 40 days. Had the order fixed the time in weeks instead of in days a different view might possibly be taken, but it says *days* and it means *days*. (*Morse v. U. S.*, 29 App. D. C., 433.) But the required time *for service of summons* throughout the Code of Civil Procedure is expressed in days, and the summons in this case properly follows the statute in this respect.

It is vain for the trial judge, on May 13 in his order, to say that he considers that "the defendant has had sufficient notice" and that "the summons had been published a sufficient time"; the matter had then passed beyond his discretion, and the only question left for his consideration was whether or not the order which had been made previously had been complied with and carried out.

According to the view taken here it had not been and the service was not complete. The publication of the notice for the proper time was necessary to confer jurisdiction of the person of defendant on the trial court to render a judgment against a nonresident. No jurisdiction having been acquired the judgment rendered by the District Court of Mayagüez on May 13, 1910, should be reversed, and the cause remanded for proper proceedings.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.