MARÍA MATOS, ETC., Petitioner, v. DISTRICT COURT OF ARECIBO ET AL., Respondents.

No. 1256.   Argued July 21, 1941.—Decided July 26, 1941.

*Pedro E. Anglade* for petitioner.   *Antonio Lens Cuena* for Heirs of Pardo, defendants in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a certiorari proceeding which involves the question of whether the defendant in an action may be summoned by publication without a previous issuance of the summons by the clerk of the court.

María Matos brought on July 8, 1939, in the District Court of Arecibo, an action of filiation against the heirs of José Pardo Ríos who were his widow Francisca González Pardo and his minor children Amara and José Pardo Gon-

zález. The complaint filed by her is verified and it is therein alleged that the defendants reside in Burela, within the municipal district of Cervis, Spain.

Owing to the fact that the defendants had their domicile outside of Puerto Rico, the plaintiff filed in the court a verified motion for an order directing that the summons be served by publication in a newspaper of wide circulation, once a week for a term of thirty days. The court granted the motion by an order dated August 30, 1939.

At this stage, on May 11, 1940, the defendants appeared "for the sole purpose of challenging the service of summons by the plaintiff" on the ground that "the court had not acquired jurisdiction of the defendants, inasmuch as, for the purpose of the publication of the summons, as ordered, the requisites provided for in Section 94 of the Code of Civil Procedure had not been fully complied with."

The plaintiff set up an opposition and exhibited therewith an affidavit from the manager of the newspaper "El Mundo," attesting to the publication of the summons on the 27th of February, on the 5th, 12, 19th, and 26th of March, and on the 2nd of April, 1941, in the form shown by a clipping from the newspaper which was attached to the affidavit, a copy of a registered letter from plaintiff's attorney addressed to the defendants in their domicile in Spain, enclosing therewith a copy of the complaint, and a card showing the receipt of that letter.

After a hearing at which the attorneys for both parties were heard, the court by an order of June 17, 1941, held that it had not acquired jurisdiction of the defendants and directed "the plaintiff to procure from the clerk the issuance of the summons in this case, and to publish anew the summons in the form and during the time prescribed in our order of August 30, 1939."

The plaintiff moved for a reconsideration which was denied and thereupon she applied to this court for a writ of

certiorari. After the writ had been issued, the parties were heard on the 21st instant.

■■ After a careful consideration of the facts, the law, and the jurisprudence, we think that the district court was right in disclaiming jurisdiction.

According to Section 87 of the Code of Civil Procedure, civil actions in the courts of Puerto Rico are commenced by filing a complaint and this is how this action of filiation was commenced.

By the mere fact of filing the complaint, the plaintiff submits to the jurisdiction of the court. How does a court acquire jurisdiction of a defendant? This is prescribed in section 88 of the same code. The clerk of the court, it is therein stated, must endorse on the complaint the day, month, and year that it is filed, and at any time within one year thereafter, the plaintiff may have a summons issued.

Section 89 provides that "the summons must be directed to the defendant, signed by the secretary, and issued under the seal of the court," and it must contain the particulars therein specified.

Section 92 provides who may serve the summons on the defendant; section 93, how it shall be served; and section 94 provides that "when the person on whom the service is to be made resides out of the Island," as happens in the instant case, "the court or judge may make an order *that the service be made by the publication of the summons,*" as properly expressed in the original English text of the code.

So that in any event the clerk is the person whose duty it is to issue the summons—a document which must contain all the requisites provided for by the statute—, the court being empowered, when the party to be served resides outside the Island, to order that the summons be served by publication instead of by the persons and in the manner prescribed in sections 92 and 93. Section 95 prescribes everything concerning the publication.

Really, it seems a hardship that in a case like the present one, where the defendants resided out of the Island, where it was ordered by the judge that recourse should be had to publication for summoning them and the edicts were actually published, and where, the defendants' domicile abroad being known, a copy of the complaint was mailed to and received by them, all the proceedings should be quashed because the clerk failed to issue the summons.

Yet, this must be done, because, as the jurisdiction of the court over the person of the defendant depends on his being summoned, such summons must be issued and served in strict compliance with the statute. As early as 1862 it was held by the Supreme Court of California in *People* v. *Huber*, 20 Cal. 82 (and the rule laid down has not been altered), that ''the statutory provisions for acquiring jurisdiction of the person of a defendant, by publication of the summons in the stead of a personal service, must be strictly pursued,'' and that ''an order to publish a summons made in advance of the issuance of the summons is a nullity.''

That the statute requires that the summons be first issued, just as in every case, in the special one where the service is ordered to be made by publication, not only appears clearly and precisely from the English text of Section 94 of the Code of Civil Procedure, 1933 ed., but from both the Spanish and English texts of section 95 of the same code. That section provides in its pertinent part as follows: ''In case of publication, where the residence of the nonresident or absent defendant is known, the court or the judge must direct *a copy of the summons* and complaint to be served at his place of residence.'' In order that a copy may be served an original thereof must necessarily exist.

Moreover, this question is not new in this jurisdiction. Thirty years ago this very court, speaking through Mr. Justice MacLeary in *Huete* v. *Teillard*, 17 P.R.R. 46, 50, said:

''But was the new summons valid? Let us disregard the error made in calling it an 'amended summons' and consider it as a new

writ altogether. It certainly was not regularly issued, since the order for publication was made before the issuance of the writ, which is forbidden by the law. Under the jurisprudence of California, which has a Code of Civil Procedure similar to ours, the issuance of the summons is the first step; and this is taken by the clerk without the intervention of the judge, and, after the writ is in the hands of the sheriff or marshal, the judge, on a proper showing, orders the service to be made by publication as prescribed in the statute. This is not an immaterial matter but a requirement of the law which must be strictly followed. (*People* v. *Huber*, 20 Cal., 82; *Forbes* v. *Hyde*, 31 Cal., 351; *Cohn* v. *Kember*, 47 Cal., 145.)"

Therefore, as the clerk in the instant case had failed to issue the summons, the publication ordered and made was invalid and could not serve to confer on the court jurisdiction over the person of the defendants, as was properly held by said court.

The writ of certiorari issued must be discharged and the case remanded to the court *a quo* for further proceedings in accordance with the law.