María Matos, también conocida por María Pardo Matos, peticionaria, *v.* Ricardo Agraít Aldea, Juez de la Corte de Distrito de Arecibo y la Sucesión de Don José Pardo Ríos, compuesta de su viuda Francisca González Pardo y sus hijos menores Amara y José Pardo González, demandados.

Núm. 1256.—*Sometido:* Julio 21, 1941. *Resuelto:* Julio 26, 1941.

*Pedro E. Anglade,* abogado de la peticionaria; *Antonio Lens Cuena,* abogado de la Sucn. Pardo, demandada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El presente es un recurso de *certiorari* en el que está envuelta la cuestión de si puede citarse en un pleito al demandado por edictos sin que antes se haya expedido por el secretario del tribunal la citación o emplazamiento.

María Matos, en julio 8, 1939, inició en la Corte de Distrito de Arecibo un pleito sobre filiación contra la Sucesión de José Pardo Ríos, compuesta por su viuda Francisca González Pardo y sus menores hijos Amara y José Pardo González. La demanda que archivó está jurada y en ella se alega que los demandados residen en Burela, término municipal de Cervis, España.

Basándose en el hecho de la residencia de los demandados fuera de Puerto Rico, presentó la demandante a la corte una moción jurada pidiéndole que ordenara su citación mediante la publicación de edictos en un periódico de mayor circulación, una vez por semana, por término de treinta días, y la corte accedió por orden de agosto 30, 1939.

Así las cosas, en mayo 11, 1940, comparecieron los demandados "al solo fin de impugnar el emplazamiento hecho

por la demandante'' porque ''la corte no ha adquirido juris-
dicción sobre los demandados, toda vez que, para la publica-
ción de los edictos ordenados, no se han llenado todos los
requisitos ordenados en el artículo 94 del Código de Enjui-
ciamiento Civil.''

Se opuso la demandante acompañando a su oposición un
*affidavit* del administrador del periódico ''El Mundo'' credi-
tivo de haberse publicado los edictos el 27 de febrero, el 5,
el 12, el 19 y el 26 de marzo y el 2 de abril de 1941 en la
forma que aparecía del recorte del periódico unido al affida-
vit, copia de la carta del abogado de la demandante dirigida
a la demandada a su residencia en España, por correo certi-
ficado, enviándole copia de la demanda y la tarjeta que acre-
dita el recibo de la carta.

Señalada una vista, la corte oyó en ella a los abogados
de las partes, y, por resolución de junio 17, 1941, declaró que
no había adquirido jurisdicción sobre la persona de los de-
mandados y ordenó ''que la parte demandante obtenga del
secretario que expida un emplazamiento en este caso, y que
proceda de nuevo a publicar edictos en la forma y por el
tiempo que se dispuso en nuestra orden de 30 de agosto de
1939.''

Pidió reconsideración la demandante y le fué negada.
Acudió en certiorari ante este tribunal. Expedido el auto,
se oyó a las partes el veinte y uno de este mes.

Tras un estudio detenido de los hechos, de la ley
y la jurisprudencia creemos que tuvo razón la corte de dis-
trito al declararse sin jurisdicción.

Las acciones civiles se promoverán ante las cortes de
Puerto Rico mediante la interposición de una demanda dice
el artículo 87 del Código de Enjuiciamiento Civil y así se
promovió esta acción de filiación.

Por la mera interposición de la demanda, el demandante
se somete a la jurisdicción de la corte. ¿Cómo se obtiene que
la corte adquiera jurisdicción sobre la persona del deman-

dado? Lo prescribe el siguiente artículo, 88, del propio cuerpo legal. El secretario de la corte, dice, hará constar al dorso de la demanda el día, mes y año de la presentación, y en cualquier tiempo dentro de un año después de aquélla, el demandante puede obtener que se expida la citación (*summons*) o emplazamiento.

El artículo 89 ordena que "la citación irá dirigida al demandado, firmada por el secretario y librada bajo el sello de la corte", debiendo contener los particulares que especifica.

Dispone el art. 92 quiénes pueden hacer la citación al demandado, el 93 cómo se hará, y el 94 ordena que "cuando la persona que deba ser citada resida fuera de la isla", como sucede en este caso, "la corte o el juez puede dictar una orden *disponiendo que la citación se haga por la publicación de edictos*", "that the service be made by the publication of the summons" expresa con propiedad el original inglés de la ley.

De suerte que en todo caso el que debe expedir la citación—que es un documento que debe contener todos los requisitos que ordena el estatuto—es el secretario, estando facultada la corte cuando la persona que deba ser citada resida fuera de la isla, para ordenar que la citación en vez de hacerse por las personas y en la forma prescrita en los artículos 92 y 93, se haga mediante publicación de la misma. El artículo 95 prescribe todo lo concerniente a la publicación.

Realmente parece duro que un caso como éste en que consta que los demandados residían fuera de la isla, en que se ordenó por el juez que se recurriera al medio de la publicación para citarlos y se publicaron en efecto los edictos y en que conocido el lugar de su residencia en el extranjero se les envió por correo una copia de la demanda, copia que fué recibida, se anule todo lo actuado porque el secretario no expidió la citación.

Pero así debe ser porque dependiendo la jurisdicción de la corte sobre la persona del demandado de su citación, ésta

debe expedirse y practicarse cumpliéndose estrictamente con la ley. Desde 1862 se resolvió por la Corte Suprema de California en *People* v. *Huber,* 20 Cal. 82, y la regla no ha sido alterada, que "las disposiciones estatutarias para adquirir jurisdicción sobre la persona de un demandado por medio de la publicación de la citación (*summons*) en sustitución de la notificación personal, deben observarse estrictamente" y que "una orden proveyendo la publicación de un emplazamiento, hecha antes de expedirse éste, es nula."

Que la ley exige la previa expedición de la citación, como en todos los casos, en el especial en que se ordene que se haga mediante publicación, no sólo surge con claridad y precisión del texto inglés del artículo 94 del Código de Enjuiciamiento Civil, ed. 1933, si que del de ambos textos, el español y el inglés, del artículo 95 del propio código. Dice, en lo pertinente, dicho artículo: "En caso de publicación, cuando se conociere la residencia del demandado no residente o ausente, la corte o el juez ordenará que se le dirija por el correo *una copia de la citación* y de la demanda al lugar de su residencia." Y para que la copia pueda enviarse es necesario que exista el original.

Además, la cuestión no es nueva en esta jurisdicción. Desde hace treinta años esta propia Corte hablando por su Juez Asociado Sr. MacLeary en el caso de *Huete* v. *Teillard,* 17 D.P.R. 49, 53, se expresó así:

"Pero, ¿fué válido el nuevo emplazamiento? Dejemos a un lado el error en que se ha incurrido al llamarle 'emplazamiento enmendado,' y considerémoslo como uno nuevo en absoluto. Ciertamente que dicho emplazamiento no fué expedido en la forma ordinaria, puesto que la orden para su publicación se dictó con anterioridad a que la citación fuera expedida, lo que está prohibido por la ley. Con arreglo a la jurisprudencia de California, en donde existe un Código de Enjuiciamiento Civil parecido al nuestro, la primer diligencia que se hace es la expedición del emplazamiento; y esto lo hace el secretario sin la intervención del juez, éste, previa justa causa, y después de entregarse el emplazamiento al márshal o funcionario encargado de cumplimentarlo, ordena que se haga la publicación en

la forma que dispone el estatuto. Esta no es una cuestión insignificante y sí un requisito de la ley que debe observarse estrictamente. *People* v. *Huber,* 20 Cal. 82; *Forbes* v. *Hyde,* 31 Cal. 351; *Cohn* v. *Kember,* 47 Cal. 145.''

No habiéndose, pues, expedido en este caso por el secretario la citación, la publicación que se ordenó y se hizo lo fué sin base legal y no pudo servir para conferir jurisdicción a la corte sobre la persona de los demandados, como lo resolvió propiamente dicha corte.

*El auto de certiorari expedido debe anularse y el pleito devolverse a la corte de su origen para que siga conociendo del mismo de acuerdo con la ley.*