María McCormick de Serrano, Plaintiff and Appellant-Appellee, *v.* Adela McCormick de Watson et al., Defendants and Appellees-Appellants.

No. 8008. Argued March 2, 1943.—Decided April 28, 1943.

*E. Martínez Rivera* for plaintiff and appellant-appellee. *Dubón &
Ochoteco* and *José Otero Suro* for Helen, Catalina and Muriel
Kierman McCormick and Catalina McCormick, defendants and
appellees-appellants. *R. H. Blondet* for other defendants and
appellees-appellants.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

María McCormick, widow of Serrano, instituted an action in the District Court of San Juan against all the voluntary heirs of Harry McCormick Hartman in which she sought to have annulled the judgment entered by said court in civil case number 11235, instituted by said heirs against the executors appointed by the testator in his will and by virtue of which the partition of the estate was ordered. The reason for nullity alleged by María McCormick widow of Serrano was that although she was one of the heirs of Harry A. McCormick, and was included in the will, she was not made a party to suit No. 11235. In the second cause of action she asked that the court order that the estate left by the ancestor to the voluntary heirs, defendants herein, be awarded to the plaintiff.

The court below gave judgment for the plaintiff in the first cause of action and consequently decreed the nullity of the judgment entered in case No. 11235 and dismissed the complaint as to the second cause of action. From this judgment, both the plaintiff and the defendants (except those whose last name is Watson McCormick) took an appeal to this court.

The defendants Helen, Catalina, and Muriel Kierman McCormick, and their mother, Catalina McCormick, filed their appeal in time and separately from the appeal taken by the other defendants, who took it after the legal time to do so had elapsed, for which reason it was dismissed on June 12, 1942, upon petition of the plaintiff-appellee. Therefore, we have before us the appeal taken by the plaintiff María McCormick, widow of Serrano, who attacks the judgment in so far as it dismissed the second cause of action in the com-

plaint, and the appeal of the defendants whose last name is Kierman McCormick, and which attacks the judgment in so far as it enters judgment upon the first cause of action in the complaint. We shall consider first the appeal of these defendants.

In the complaint it was alleged that Catalina Mc-Cormick widow of Kierman and her infant daughter, Helen Kierman McCormick, represented by her as mother with *patria potestas,* and Catalina and Muriel Kierman McCormick all were residents of East Orange, New Jersey. Although the corresponding summonses were not issued by the clerk of the court below, the plaintiff asked the court to issue an order providing for the summons of the defendants by the publication of edicts. A sworn statement by the plaintiff accompanied the motion. The court issued the order and the clerk then issued the summonses, which were published in "La Correspondencia de Puerto Rico." Said defendants-appellants herein did not appear and at the proper time a default judgment was entered against them. When they were notified of the judgment, they took this appeal and alleged that the court below committed error in entering judgment for the plaintiff upon the first cause of action, because it had not acquired jurisdiction over them "because the alleged service of summons on the defendants by the publication of edicts, was ineffective and of no force."

In their brief the defendants state no less than seven reasons, which they discuss separately, to show that the court did not acquire jurisdiction over them. We do not deem it necessary to discuss and decide each one. The plaintiff herself, in her brief, admits that "she has carefully examined appellants' arguments in support of their contention and that if the alleged irregularities were committed, *the appealed judgment can not bind the appellants,* unless this Hon. Court is of a contrary opinion." (Italics ours.) The plaintiff also admits that the summonses were not issued by

the secretary of the court below before said court ordered the summons by publication of edicts, but she contends that the original complaint being sworn to and the motion asking for the publication of edicts having been accompanied by a sworn statement from which it appeared that the defendants did not reside in Puerto Rico, all the requisites of the statute were complied with. Finally, she alleges that the question was not raised in the lower court. The defendants are right and we do not have any doubt that the judgment in this case was entered without the District Court of San Juan having acquired jurisdiction over them.

In the case of *Matos* v. *District Court*, 59 P.R.R. 290, this court had before it a situation involving facts similar to those in the instant case, indeed, in certain aspects even stronger, and after carefully considering the question we decided—quoting from the syllabus—that:

"The issuance by the clerk of a court of the citation or summons directed to the defendant, is a prerequisite to an order for publication of such citation or summons in lieu of personal service. Such publication without a previous issuance of the summons does not confer jurisdiction over the person of the defendant."

In that opinion it was stated by the court that this doctrine had prevailed in California since 1862, which was decided in *People* v. *Huber*, 20 Cal. 82, and in Puerto Rico to the same effect for thirty years since *Huete* v. *Teillard*, 17 P.R.R. 48.

In the *Matos'* case, *supra*, the position of the plaintiff was even stronger because there it was proved that a copy of the complaint had been mailed to the defendants, who resided in Spain and who received it. In the instant case there is no evidence to the effect that said requisite, which was ordered by the court, was complied with.

The same circumstance that the complaint was sworn to existed in the *Matos'* case, *supra*, so that the argument of the plaintiff as to this particular and to which reference has been made, lacks merit.

It is our opinion that the judgment entered in this case, in so far as it affects the defendants whose last name is Kierman McCormick, should be reversed.

■ Further, the defendants argue, with regard to the judgment the nullity of which was decreed in this action and which refers to a partition of their hereditary rights, that if said judgment is reversed it must be so with regard to all the defendants, since the partition is a unity and it can not be maintained that the partition is valid as to some of the defendants and invalid as to others.

We can not advance or express an opinion about this question, since we face the fact that the appeal taken by the other defendants was dismissed by this court on June 12, 1942, and the mandate sent to the court below. With regard to them, and also to the defendants whose last name is Watson McCormick who did not appeal, the judgment is final. They are the ones affected by said judgment and it is they, and not the defendants herein, who must raise in the court below whatever may be proper regarding the effect and the scope of the reversal of the judgment as to the defendants Kierman McCormick as affecting their rights.

■ We shall now consider the plaintiff's appeal by which she alleges that the court below erred in dismissing the complaint in which it was asked that all the estate should accrue in favor of the plaintiff because the defendants have violated the terms of the will of Harry A. McCormick, especially its twentieth clause which provides the following:

"*Twentieth:* The heir who attacks the validity of this will, who does not conform to its provisions or who executes any act contrary to the same shall lose the voluntary inheritance granted to him, his part accruing to the other heirs; and if all of them attack the validity of this will, violate its provisions or execute acts contrary thereto, the total of the inheritance will go to my wife, Dolores Alcaide y Baiz in usufruct, and upon her death it shall be distributed among the establishments or societies for charities that she will designate, or in default thereof to her executors."

The plaintiff also alleged in her complaint that because the defendants initiated suit No. 11235 against the executor asking for delivery of their respective participations in the inheritance, they violated said clause. Those defendants who appeared denied that said action had that scope and it was also proved that the plaintiff herself had commenced an action, No. 6571 of the court below, asking for the judicial administration of the estate of the ancestor.

The lower court, in deciding this controversy said, in its opinion, the following:

"We believe, however, that the complaint as to the second cause of action should be dismissed. In the first place, the plaintiff is in the same position that the defendants. By the proceedings in case No. 6571 of this court, introduced in evidence by her, she was the first to ask the judicial administration of the estate of her deceased brother. They are in *pari delicto*.

"But even if this be not so, and although seven years had been granted to the executors and commissioners to fulfill their duties, that would not mean that these persons, once the debts were paid and the hereditary estate settled, could unnecessarily delay the will of the testator. By his last will, Harry A. McCormick provided that his estate should pass to certain persons as his heirs, whom he designated; and it was the duty of the executor and the commissioners, upon accepting said position, to fulfill faithfully the provisions manifested by the deceased in his will, when they were in a condition to do so; and if this was the executor's duty, the corresponding right of the heirs to demand it had to arrive.

"Although it is not a case similar to the instant one we take the following from the decision of the Supreme Court of Spain of January 12, 1903. We transcribe from the *syllabus*:

" 'That if the prohibition to promote the voluntary testamentary proceedings to which Section 1039 of the Law of Civil Procedure refers to, is to produce all its defects, it is necessary in accordance with the letter and spirit of Section 1045 of the same law, not only that the testator shall have appointed one or more persons in the character of executors, commissioners or in other character, but it is also necessary that the designated persons be willing to perform extrajudicially all the operations of the testamentary proceedings, since otherwise it will be a case similar to the one in which the

testator has not taken care to designate the people to carry out his dispositions.' (94 *Jurisprudencia Civil* 627).

"See also by analogy the decisions of the Supreme Court of Spain of November 24, 1900 (90 *J. C.* 716), and of November 19, 1901 (92 *J. C.* 478).

"Later developments show that when case No. 11235 was filed, the executors were in a condition to settle and partition the estate, which was done less than four months after the filing of the complaint; and if such was the case, the heirs were withing their rights in claiming their hereditary shares left to them by the testator. In doing so, they were trying to make effective the will of the testator as manifested in his testament. Rather than trying to violate the testamentary dispositions they were trying to make them effective."

Taking into consideration all the compelling facts, it is our opinion that the trial court did not commit the error assigned and that the plaintiff's appeal should be dismissed.

For the aforesaid reasons, the appeal taken by the appellants Helen Kierman McCormick, Catalina, and Muriel Kierman McCormick and Catalina McCormick for herself and as mother with *patria potestas* over her infant daughter Helen Kierman McCormick is sustained, and the judgment appealed from is reversed in so far as it affects said defendants, because it was entered without jurisdiction over them, and is affirmed in so far as it dismissed the second cause of action.

Mr. Justice Travieso and Mr. Justice De Jesús did not participate herein.