María McCormick Vda. de Serrano, demandante, apelante y apelada, *v.* Adela McCormick de Watson et als., demandados, apelados y apelantes.

Núm. 8008.—*Sometido:* Marzo 2, 1943. *Resuelto:* Abril 28, 1943.

*E. Martínez Rivera.* abogado de la demandante, apelante y apelada; *Dubón & Ochoteco* y *José Otero Suro,* abogados de Helen, Catalina y Muriel Kierman McCormick y Catalina McCormick, demandadas, apeladas y apelantes; *R. H. Blondet,* abogado de varios otros demandados, apelados y apelantes.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

María McCormick Vda. de Serrano inició acción en la Corte de Distrito de San Juan contra todos los herederos voluntarios de Harry A. McCormick y Hartman en la que solicitó se declarase nula la sentencia dictada por dicha corte en el caso núm. 11235 iniciado por dichos herederos contra los albaceas nombrados por el causante en su testamento y a virtud de la cual se ordenó la partición de la herencia. El motivo de nulidad alegado por María McCormick Vda. de Serrano es que siendo ella una de las herederas de Harry A. McCormick incluídas en el testamento, ella no fué hecha parte en forma alguna en el caso núm. 11235. En la segunda causa de acción solicitó que la corte ordenara que la heren-

cia del causante dejada a los herederos voluntarios aquí demandados acrece a favor de la demandante.

La corte inferior declaró con lugar la demanda en su primera causa de acción y como consecuencia decretó la nulidad de la sentencia dictada en el caso núm. 11235, y sin lugar la demanda en cuanto a la segunda causa de acción.

Contra esta sentencia tanto la demandante como los demandados (excepto los de apellido Watson McCormick) establecieron recursos de apelación ante esta Corte Suprema.

Ahora bien, los demandados Helen, Catalina y Muriel Kierman McCormick y su madre Catalina McCormick establecieron en tiempo su recurso de apelación separadamente del recurso presentado por los demás demandados que lo hicieron después de haber transcurrido el término legal para hacerlo y por dicho motivo fué desestimado el 12 de junio de 1942 a petición de la demandante apelada. Tenemos, por lo tanto, ante nuestra consideración el recurso de la demandante María McCormick Vda. de Serrano que ataca la sentencia en cuanto por ella se desestimó la segunda causa de acción de la demanda y el recurso de los demandados de apellido Kierman McCormick que la impugna en cuanto por ella se declaró con lugar la primera causa de acción de la demanda. Consideraremos en primer término el recurso de estos demandados.

En la demanda se alegó que Catalina McCormick Vda. de Kierman y su hija menor de edad Helen Kierman McCormick, representada ésta por aquélla como madre con patria potestad, y Catalina y Muriel Kierman McCormick, eran residentes de East Orange, New Jersey. Sin haberse expedido por el secretario de la corte inferior el emplazamiento correspondiente, se solicitó por la demandante que la corte expidiera una orden disponiendo la citación de estos demandados mediante la publicación de edictos, habiéndose acompañado a la moción una declaración jurada de la demandante. La corte dictó la orden y el secretario expidió

entonces el emplazamiento que se publicó en La Correspondencia de Puerto Rico. Dichas demandadas y aquí apelantes no comparecieron y oportunamente se les anotó la rebeldía. Al ser notificadas de la sentencia recaída en el caso establecieron el presente recurso y alegan que la corte inferior erró al dictar sentencia declarando con lugar la demanda en cuanto a su primera causa de acción, sin que hubiera adquirido jurisdicción sobre ellas "por carecer de eficacia y valor el pretendido servicio de la citación de estas demandadas por medio de la publicación de edictos."

En su alegato las demandadas exponen no menos de siete motivos, los que argumentan separadamente, para demostrar que la corte no adquirió jurisdicción sobre ellas. No consideramos necesario entrar a considerar y resolver cada uno de ellos. La propia demandante en su alegato admite que "ha examinado detenidamente la argumentación de los apelantes en apoyo de su contención y está convencida de que si en realidad las irregularidades enunciadas se cometieron, *la sentencia apelada no puede obligar a las apelantes,* salvo mejor criterio de este Hon. Tribunal." (Bastardillas nuestras.) La demandante asimismo admite que el emplazamiento no fué expedido por el Secretario de la corte inferior antes de ordenarse por dicha corte la citación por edictos, pero sostiene que estando la demanda original jurada y habiéndose acompañado a la moción solicitando la publicación de edictos una declaración jurada de la que aparecía que los demandados no residían en Puerto Rico, se cumplió con los requisitos del estatuto. Alega, por último, que la cuestión no fué planteada ante la corte inferior. Tienen razón las demandadas y no tenemos duda de que la sentencia dictada en este caso lo fué sin haberse adquirido por la Corte de Distrito de San Juan jurisdicción sobre ellas.

En el caso de *Matos* v. *Agraít, Juez,* 59 D.P.R. 291, esta corte tuvo ante su consideración una situación de hechos similar, pero en ciertos aspectos más fuerte, a la del caso de

autos, y después de examinarse detenidamente la cuestión se resolvió y citamos del sumario, que:

"La expedición por el secretario del tribunal de la citación o emplazamiento al demandado, es requisito previo para que pueda ordenarse la publicación de esa citación o emplazamiento en sustitución de la notificación personal. La publicación sin la previa expedición del emplazamiento no confiere jurisdicción a la corte sobre la persona del demandado."

En el curso de la opinión se hizo constar por la corte que esta regla prevalece en California desde 1862, en que se resolvió en *People* v. *Huber,* 20 Cal. 82 y en Puerto Rico desde hace treinta años en que se resolvió el caso de *Huete* v. *Teillard,* 17 D.P.R. 49.

En el caso de *Matos,* supra, era más fuerte la posición del demandante porque allí se demostró que se le había enviado por correo a los demandados que residían en España copia de la demanda la que fué recibida. En el de autos no hay constancia ni prueba alguna en los autos de que siquiera se cumpliera con dicho requisito ordenado por la corte.

La misma cuestión de estar la demanda jurada existía en el caso de *Matos,* supra, de manera que la argumentación de la demandante a que hemos hecho referencia en cuanto a ese particular carece de méritos.

Somos de opinión que la sentencia dictada en este caso en tanto en cuanto afecta a las demandadas de apellido Kierman McCormick debe ser revocada.

Arguyen además estas demandadas que refiriéndose la sentencia cuya nulidad se decretó en esta acción a una sobre partición de derechos hereditarios, si se revoca dicha sentencia debe serlo en cuanto a todos los demandados ya que la partición es una unidad y no puede sostenerse que la sentencia sea válida en cuanto a unos demandados e inválida en cuanto a otros.

No podemos adelantar ni expresar opinión sobre esta cuestión pues nos confrontamos con el hecho de que el recurso entablado por los demás demandados fué desestimado

por esta corte desde el 12 de junio de 1942 y el mandato remitido a la corte inferior. Tanto en cuanto a ellos como a los demandados de apellido Watson McCormick que no apelaron, la sentencia es firme. Es a ellos a quienes afecta dicha sentencia y a ellos y no a las demandadas corresponde plantear ante la corte inferior lo que a su derecho corresponda en relación con el efecto y el alcance que pueda tener la revocación de la sentencia en cuanto a los demandados Kierman McCormick.

■ Pasamos a considerar el recurso de la demandante por el que alega que la corte inferior erró al declarar sin lugar la demanda en la que se solicita que toda la herencia debía acrecer a la demandante por haber los demandados violado los términos del testamento de Harry A. McCormick especialmente en su cláusula vigésima que disponía lo siguiente:

"Vigésima: El heredero que atacare la validez de este testamento, no se conformare con sus disposiciones o ejecutare cualquier acto que fuere contrario a las mismas, perderá la herencia voluntaria que le ha sido conferida, acreciendo su parte a los otros herederos; y si todos ellos atacaren la validez de este testamento; violaren sus disposiciones o ejercitaren actos contrarios a ellas, el total de la herencia pasará a mi esposa doña Dolores Alcaide y Baiz en usufructo, y a su muerte será distribuída entre los establecimientos o sociedades de beneficencia que ella designare o en su defecto, a sus albaceas."

Alegó la demandante en su demanda que por haber los demandados iniciado el pleito núm. 11235 contra los albaceas solicitando que se les hiciera entrega de sus respectivas participaciones en la herencia violaron la cláusula citada. Los demandados que comparecieron negaron que dicha acción tuviera ese alcance y además se probó que la propia demandante había iniciado una acción, la núm. 6571 de la corte inferior, solicitando la administración judicial de los bienes del causante.

La corte inferior al resolver la controversia se expresó en su opinión así:

"Creemos, sin embargo, que la demanda en cuanto a la segunda causa de acción debe declararse sin lugar. En primer término, la demandante se encuentra en iguales condiciones que los demandados. Por los autos del caso de esta corte, núm. 6571, presentado por ella como prueba, fué la primera en solicitar la administración judicial de los bienes de su difunto hermano. Está *in pari delicto*.

"Pero aunque así no fuera y aunque se hubiera concedido siete años a los albaceas y contadores partidores para desempeñar su cometido ello no quiere decir que estas personas una vez pagadas las deudas y liquidado el caudal hereditario pudieran demorar innecesariamente la voluntad del testador. Por su última voluntad, Harry A. McCormick dispuso que sus bienes pasaran a poder de ciertas personas, como herederos suyos, las cuales nombró; y era obligación de sus albaceas y contadores partidores, al aceptar esos cargos, dar cumplimiento a las disposiciones expresadas por el difunto en su testamento, cuando estuvieran en condiciones de hacerlo; y si esa era la obligación de los albaceas, tenía que surgir el derecho correlativo de los herederos para exigirla.

"Aunque no igual al presente, entresacamos la anterior doctrina de la Sentencia del Tribunal Supremo de España de 12 de enero de 1903. Copiamos del *syllabus*:

" 'Que si la prohibición de promover el juicio voluntario de testamentaría a que se refiere el art. 1039 de la Ley de Enjuiciamiento Civil ha de producir todos sus efectos, es preciso, conforme al sentido y espíritu del art. 1045 de la misma, no sólo que el testador haya nombrado una o más personas con el carácter de albaceas, contadores o cualquier otro, sino que las designadas se hallen dispuestas a practicar extrajudicialmente todas las operaciones de la testamentaría, pues que de otra suerte resulta un caso igual a aquel en que no se haya cuidado el testador de hacer designación de los cumplidores de su voluntad.' (94 Jurisprudencia Civil 627)

"Véanse además por analogía las Sentencias del Tribunal Supremo de España de 24 de noviembre de 1900 (90 J. C. 716) y 19 de noviembre de 1901 (92 J. C. 478).

"Los acontecimientos posteriores vinieron a demostrar que cuando se radicó el caso núm. 11235 los albaceas estaban en condiciones de liquidar y partir la herencia cosa que se hizo en menos de cuatro meses después de presentada la demanda; y si tal fué el caso, los herederos estaban en su derecho al reclamar las porciones heredita-

rias que les habían sido dejadas por el testador. Al hacerlo así tra taban de hacer cumplir los deseos del testador según ellos fueroi expresados en su testamento. Más bien que violentar las disposicio nes testamentarias estaban tratando de hacerlas efectivas.''

Tomando en consideración todos los hechos concurrente somos de opinión que la corte sentenciadora no cometió e error imputado y que el recurso de la demandante debe sei desestimado.

*A virtud de todo lo expuesto, se declara con lugar el re curso de las apelantes Helen Kierman McCormick, Catalin y Muriel Kierman McCormick y Catalina McCormick por s y como madre con patria potestad sobre su hija menor Helei Kierman McCormick y se revoca la sentencia apelada en tant en cuanto a dichas demandadas afecta por haber sido dictad sin jurisdicción sobre ellas, y se confirma en cuanto por ell se desestimó la segunda causa de acción.*

Los Jueces Asociados Sres. Travieso y De Jesús n intervinieron.