ANA CERDÁ, demandante y apelante, *v.* SALVADOR OSSORIO, demandado y apelado.

Núm. 9082.—*Sometido:* Junio 1, 1945. *Resuelto:* Noviembre 13, 1945.

*Enrique Báez García,* abogado de la apelante; *Pascasio Fajardo Martínez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Ana Mariana Cristy era dueña de un solar de 345 metros cuadrados radicado en el barrio Sábalos, de Mayagüez, inscrito al folio 150 del tomo 57 de Mayagüez, finca número 2735, inscripción primera. De este solar segregó y vendió otro de 150 metros que pasó a formar la finca número 2354

y se inscribió el 25 de febrero de 1908, al folio 200 del tomo 71 de Mayagüez, inscripción primera. En el año 1920 se segregó de la misma finca número 2735 otro solar de 124.02 metros cuadrados que fué vendido a los esposos Andrea Coin y Rufino Camacho, el cual pasó a formar la finca número 5356, inscrita al folio 199 del tomo 138 de Mayagüez, inscripción primera. Deducidas estas dos segregaciones, el área de la finca número 2735 quedó reducida a 70.98 metros cuadrados. Este remanente de 70.98 metros cuadrados fué vendido por Ana Mariana Cristy a Ana Cerdá viuda de Fajardo, por precio de $70 por escritura número 207, otorgada en Mayagüez ante el notario Guillermo H. Moscoso, el 10 de octubre de 1925 y se inscribió el 25 del mismo mes al folio 150 vuelto del tomo 57 de Mayagüez.

El 29 de diciembre de 1905 Ana Mariana Cristy había vendido a Celestina Pardo una porción de 100 metros cuadrados que la compradora no inscribió, y habiendo fallecido ésta en septiembre de 1938 bajo testamento en el cual instituyó heredero a su sobrino Salvador Ossorio Pardo, se encontró éste con que a virtud de las dos segregaciones de que fué objeto la finca 2735 y con motivo de la venta del remanente de la misma, o sea una porción de 70.98 metros cuadrados a favor de Ana Cerdá, nada quedaba de la finca 2735, y por consiguiente, no podía él inscribir el solar de 100.20 metros cuadrados que había heredado de Celestina Pardo.

Tratando de remediar esa situación Salvador Ossorio Pardo tramitó un expediente en la Corte de Distrito de Mayagüez para justificar a su favor el dominio de los 100.20 metros cuadrados que había heredado de Celestina Pardo. En el escrito inicial expresó que de los 100.20 metros cuadrados, 70.98 aparecían inscritos en dominio a favor de Ana Cerdá y solicitó que fuera ésta citada por edictos por hallarse para aquella fecha fuera de Puerto Rico y desconocer

él su dirección. Ordenó la corte de distrito la citación por edictos, los cuales fueron publicados en un periódico diario de Mayagüez denominado "Diario del Oeste". No habiendo comparecido Ana Cerdá a oponerse a la pretensión del promovente, la Corte oyó la prueba ofrecida por Salvador Ossorio Pardo, declaró justificado a su favor el dominio de 100.20 metros cuadrados y ordenó que la inscripción que existía a favor de Ana Cerdá sobre los 70.98 metros cuadrados fuese cancelada.

Habiendo Ana Cerdá regresado de los Estados Unidos donde temporalmente se hallaba y enterada de que el derecho de dominio que tenía sobre los 70.98 metros cuadrados que había comprado a Ana Mariana Cristy había sido de ese modo cancelado en el Registro de la Propiedad, instó este pleito en la corte inferior solicitando una sentencia que anulase, solamente en cuanto a los 70.98 metros cuadrados pertenecientes a ella, el expediente de dominio a favor de Salvador Ossorio, y que se anulase también la parte de la resolución que ordenaba la cancelación de la inscripción de los 70.98 metros cuadrados que aparecía en el Registro a su favor.

La demandante basó su contención: (a) en que la orden de citación por edictos era nula y que por consiguiente la corte nunca adquirió jurisdicción sobre ella; y (b) en que dentro de un expediente de dominio la corte carece de jurisdicción para decretar la cancelación de cualquier otra inscripción contradictoria, ya fuera de dominio o de posesión. En apoyo de esta última contención alegó la demandante que si bien nuestra Ley Hipotecaria permite esa cancelación dentro de un expediente posesorio, en el cual la resolución se dicta sin perjuicio de tercero, dicha Ley no contiene igual disposición cuando de un expediente de dominio se trata.

El artículo 393 de la Ley Hipotecaria prescribe que los Registradores, antes de inscribir alguna finca o derecho

en virtud de una información posesoria,(¹) examinarán cuidadosamente el Registro para averiguar si hay en él algún asiento relativo al mismo inmueble que pueda quedar total o parcialmente cancelado por consecuencia de la inscripción de posesión, y si lo hallaren, suspenderán la inscripción, tomarán anotación preventiva si la solicita el interesado y remitirán copia de dicho asiento al Juez que haya aprobado la información posesoria. Y los párrafos 3 y 4 del mismo artículo prescriben:

"El juez, en su vista, y con citación y audiencia de las personas que por dicho asiento puedan tener algún derecho sobre el inmueble, confirmará o revocará el auto de aprobación, dando conocimiento en todo caso de la providencia que recayese al registrador, a fin de que en vista lleve a efecto la inscripción o cancele la anotación preventiva."

"Si las personas que hubieren de ser citadas estuvieren ausentes, se llevarán previamente a efecto las formalidades exigidas para la citación en la regla 5 del artículo 391."

La Regla 5 del art. 391 en lo pertinente dice:

"Si se ignorase su paradero, se las citará por medio de edictos en los periódicos oficiales de la provincia de Ultramar respectiva y por término de noventa días; y si transcurridos estos términos no comparecieren los citados, el juzgado aprobará el expediente y mandará hacer la inscripción del derecho, sin perjuicio del que corresponda a dichos dueños colindantes o partícipes, expresándose que éstos no han sido oídos en la información."

No existiendo en Puerto Rico los periódicos oficiales de la provincia que existían bajo la soberanía española y estando regulado el procedimiento para la citación en el Código de Enjuiciamiento Civil en la fecha en que fué citada

(¹)En el caso de *Canino v. Registrador de San Juan*, 31 D.P.R. 434, el procedimiento para cancelar inscripciones de dominio o de posesión contradictorias a una información de posesión que se trate de inscribir, se aplicó por analogía a los casos en que se trate de inscribir una información de dominio y existan asientos contradictorios de posesión o de dominio.

Ana Cerdá, es preciso recurrir a dicho Código(²) a los efectos de citar las personas interesadas en las inscripciones contradictorias de dominio o posesión.

■ De acuerdo con el procedimiento vigente en la actualidad y cuando se hizo la citación, era preciso que Ana Cerdá fuese citada personalmente y sólo en el caso de existir las circunstancias previstas en el artículo 94 del Código de Enjuiciamiento Civil, podía recurrirse a la citación por edictos, en cuyo caso el que la solicita viene obligado a probar la existencia de tales circunstancias.

■ El escrito inicial del expediente de dominio se presentó el 8 de noviembre de 1940. Se alegó en el mismo que el dominio de una parte de la finca, o sea 70.98 metros cuadrados, se hallaba inscrito a favor de Ana Cerdá; que ésta se encontraba ausente de la Isla de Puerto Rico; y que el promovente ignoraba su paradero por lo que se hacía necesario notificarla por medio de edictos que se publicasen en un periódico diario de la localidad.

El escrito inicial, sin embargo, no fué jurado ni se presentó un *affidavit* donde aparecieran los hechos que se exponen en dicho escrito. Tampoco se intentó emplazar personalmente a Ana Cerdá con anterioridad a la citación por edictos devolviendo el emplazamiento con diligenciamiento negativo expresando las diligencias que se hubieren practicado para llevar a cabo la citación personal, tal como lo exige la jurisprudencia interpretativa del artículo 94 del Código de Enjuiciamiento Civil. *Goldsmith* v. *Villari*, 27 D.P.R. 794; *Danis* v. *Corte Municipal*, 57 D.P.R. 830; *Matos* v. *Agraít, Juez*, 59 D.P.R. 291 y *McCormick* v. *McCormick*, 61 D.P.R. 841.

(²)En su ''Texto Revisado de la Ley Hipotecaria de Puerto Rico y su Reglamento'', el Lic. Luis Muñoz Morales, redacta la Regla 5 del art. 391, en lo que a citación por edictos se refiere, en la siguiente forma:

''Quinta. Si los dueños de los terrenos colindantes o el partícipe en la propiedad o en los derechos de una finca que deben ser citados estuvieren ausentes, *se les citará en la forma dispuesta en el Código de Enjuiciamiento Civil*; . . .''.

No habiéndose cumplido con los requisitos exigidos por el art. 94 del Código de Enjuiciamiento Civil, la corte inferior no adquirió jurisdicción sobre Ana Cerdá. *Goldsmith v. Villari,* supra; *Danis v. Corte Municipal,* supra; *Matos v. Agraít, Juez,* supra y *McCormick v. McCormick,* supra. Por consiguiente la sentencia dictada no pudo perjudicar sus derechos sobre el solar de 70.98 metros cuadrados inscrito a su favor.

Dada la conclusión a que acabamos de llegar no es necesario considerar el segundo señalamiento de error.

*Procede declarar con lugar el recurso y revocar la sentencia apelada en cuanto declaró justificado a favor del demandado el dominio sobre el solar de 70.98 metros cuadrados y ordenó la cancelación de la inscripción que de dicho solar existía en el Registro de la Propiedad a favor de Ana Cerdá, debiéndose dictar sentencia por este tribunal de conformidad con los términos de esta opinión.*