JUAN BERMÚDEZ SÁNCHEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE BAYAMÓN, recurrido.

Núm. 1258.—*Sometido:* Enero 9, 1950. *Resuelto:* Enero 30, 1950.

*José C. Jusino,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Juan Bermúdez Sánchez instó un pleito en la Corte de Distrito de Bayamón sobre otorgamiento de escritura contra la Sucesión de Gregoria García, compuesta de Francisco Márquez y cualesquiera otros herederos desconocidos por el demandante, estos últimos designados con los nombres supuestos de John Doe y Richard Roe. Márquez fué emplazado personalmente, y en cuanto a los herederos desconocidos, previa orden de la corte, fueron citados por edictos. Posteriormente comparecieron algunos que alegaron ser herederos de Gregoria García y celebrado juicio en sus méritos, se dictó

sentencia condenando a los herederos de Gregoria García a otorgar escritura de venta sobre cierta finca radicada en el término municipal de Bayamón, por precio recibido de $2,800. Presentada en el Registro de la Propiedad la correspondiente escritura que en cumplimiento de la sentencia otorgó el márshal, el Registrador denegó su inscripción fundando su nota: (a) en que la corte no adquirió jurisdicción sobre los demandados porque no se expidió por el secretario emplazamiento dirigido a ellos y por supuesto, no fué devuelto diligenciado negativamente, requisito indispensable, según el Registrador, para que pudiera ordenarse la citación por edictos; y (b) porque no se mencionaron los nombres de los herederos.

En apoyo del primer motivo de su nota, invoca la interpretación que en esta jurisdicción se ha dado al artículo 94 del Código de Enjuiciamiento Civil en los casos de *Cerdá* v. *Ossorio,* 65 D.P.R. 336; *McCormick* v. *McCormick,* 61 D.P.R. 841; *Matos* v. *Agraít, Juez,* 59 D.P.R. 291 y *Goldsmith* v. *Villari,* 27 D.P.R. 794.

No aparece en qué fecha se inició el pleito, pero consta de los autos que la última publicación de los edictos se verificó el 16 de diciembre de 1948. Como las Reglas de Enjuiciamiento Civil entraron en vigor el 1ro. de septiembre de 1943, racionalmente podemos inferir que el pleito se instó bajo el imperio de dichas Reglas, las cuales, en lo que se refiere al emplazamiento, siguieron con ligeras variantes, las disposiciones del Código de Enjuiciamiento Civil. La Regla 4(e) que corresponde con aquella parte del artículo 94 del Código de Enjuiciamiento Civil invocado por el Registrador, en lo pertinente, prescribe:

"(e) *Emplazamiento*: *Otra Diligencia.*—Cuando la persona que deba ser emplazada resida fuera de la Isla, o se hubiere ausentado de ella, o si después de la debida diligencia no pudiere ser encontrada en la Isla, o se ocultare para que no pueda ser emplazada, o cuando se ignorare su domicilio o si fuere una corporación extranjera sin gerente o agente comercial, cajero o secretario en la Isla, y así resul-

tare comprobado a satisfacción de la corte o del juez de la misma por medio de declaración jurada y apareciese también de dicha declaración, o de la demanda jurada presentada, que existe causa de acción contra el demandado que ha de ser emplazado, o que dicho demandado es parte necesaria o legítima en el pleito, la corte o el juez puede dictar una orden disponiendo que el emplazamiento se haga por medio de edictos.''

Se observará que la Regla 4(e) lo mismo que el artículo 94, contempla los casos en que la persona que deba ser emplazada resida fuera de la Isla, o se hubiera ausentado de ella, o si después de la debida diligencia no pudiere ser encontrada en la Isla, o se ocultare para no ser emplazada, o cuando se ignore su domicilio, pero no provee la Regla el procedimiento a seguir cuando se trate de demandados desconocidos, como sucede en el presente caso. Ninguna otra de las Reglas de Enjuiciamiento Civil ni precepto alguno del Código de Enjuiciamiento Civil contienen disposición alguna para tal situación.

Los casos citados por el Registrador en los cuales se sostiene que debe cumplirse estrictamente con las disposiciones del Código relativas al emplazamiento para que pueda obtenerse jurisdicción bajo el artículo 94, y que establecen la regla al efecto de que para poder disponer la citación por edictos es indispensable que se expida previamente el emplazamiento y que éste sea devuelto diligenciado negativamente, no son de aplicación al presente, pues no vemos la utilidad de expedirse un emplazamiento dirigido a personas desconocidas ni la viabilidad de que el márshal lo devuelva diligenciado negativamente. No es el caso de una persona de nombre conocido, con respecto a la cual el márshal puede investigar su paradero. No existiendo ningún procedimiento especial para el caso que nos ocupa, no hay motivo para resolver que la corte no adquirió jurisdicción por no haberse cumplido con un requisito que no exige la ley. Por el contrario, nos parece de aplicación el artículo 36 del Código de Enjuiciamiento Civil que dice:

"Cuando por este Código o por otra ley se confiera jurisdicción a una corte o funcionario judicial, se le confieren también todos los medios necesarios para hacerla efectiva; y en el ejercicio de ella, si el procedimiento no estuviere especialmente señalado en este Código 'o en otra ley, podrá adoptarse cualquier otro procedimiento o modo adecuado que parezca estar más en armonía con el espíritu de este Código."

Como el procedimiento que siguió aquí la corte está en armonía con el espíritu del Código y las Reglas de Enjuiciamiento Civil, somos de opinión que la citación por edictos en el presente caso es válida.

Tampoco asiste la razón al Registrador en lo que respecta al segundo motivo de su nota. La cita que hace de la Forma 281 contenida en la obra Práctica Civil del Lic. José Sabater, no es de aplicación. Dicha Forma contempla el caso en que los nombres de los herederos son conocidos. Como antes dijéramos, es imposible especificar los nombres de herederos desconocidos en un procedimiento seguido contra ellos.

*Procede, por lo expuesto, la revocación de la nota recurrida y ordenar al Registrador que inscriba la escritura objeto de este recurso libre de defectos.*